May Term,
1844.

SAMPSON
v.
GRIMES.

*A. Kinney* and *S. B. Gookins*, for the defendant.

---

SAMPSON *v.* GRIMES.

The subscribing witnesses to a deed are the proper persons to prove its execution, if they are within the jurisdiction of the Court and competent to testify.

If real estate occupied by a tenant be sold, the vendee is entitled to the rents which accrue after the sale, unless they have been paid, before *notice* of the sale, to the vendor.

*Tuesday,*
*July 9.*

ERROR to the *Carroll* Circuit Court.

SULLIVAN, J.—Assumpsit for the use and occupation of a ferry with its appurtenances across the *Wabash* river near *Delphi*. The declaration contained one special and two common counts. The defendant pleaded non assumpsit. Verdict and judgment for the plaintiff.

On the trial, *Grimes*, the plaintiff below, offered in evidence a title-bond for the land adjoining the ferry executed by *James H. Stewart*, the patentee of the land, dated *March* the 9th, 1836; also a deed in fee-simple from *Stewart* for the

same land, dated *November* the 9th, 1838; and offered to prove their execution by said *Stewart.* It appeared that there were subscribing witnesses to both instruments living within the reach of the process of the Court, and competent to testify in the cause. The defendant thereupon objected to *Stewart* as a witness to prove the execution of the bond and deed, but the objection was overruled and he was permitted to prove their execution. This was erroneous. The subscribing witnesses, all of whom it appears were living and within the jurisdiction of the Court, and competent to testify in the cause, were the proper persons to prove the execution of the papers offered in evidence. *Bowser* v. *Warren*, 4 Blackf. 522.

The defendant proved on the trial that during the tenancy, the plaintiff had conveyed the lands adjoining the ferry with their appurtenances, which included the ferry, in fee-simple to one *Henry B. Milroy.* The following instruction to the jury among others, was thereupon given by the Court, viz.: The transfer of the land by *Grimes,* at any time subsequent to the lease, will not affect the lease; and the defendant cannot set up the transfer as a defence without showing that he was injured by it, and that the purchaser either claimed or received rent.

At common law, when lands occupied by a tenant were conveyed, it was necessary in some cases, before the grantee could demand rent, that the tenant should attorn to him, and thus create the relation of landlord and tenant. An attornment, however, was not necessary in those cases where the party acquired title by matter in law, as heir by descent, husband by marriage, &c. Nor after the statute of uses, by virtue of which the possession was immediately executed to the use, was attornment necessary in conveyances under that statute. By the statute of 4 and 5 *Anne*, c. 16, the necessity for attornments is dispensed with in *England*, and the law now stands in all cases as it did in the cases above referred to before the statute was passed, that upon the execution of the deed containing the grant, the grantee is, *ipso facto*, complete owner of the land, and entitled to all the rents, issues, and profits, that accrued after he acquired title to the premises. In this state, the same rule applies as did in *England*

under the statute of uses. The grantee becomes a perfect landlord without the knowledge or acquiescence of the tenant.

There are cases, however, in which a recognition of the grantee's title by the tenant is essential to create the relation of landlord and tenant. As where the tenant is in possession by virtue of a lease made subsequently to the conveyance, he is a trespasser merely, and cannot be held accountable as a tenant, unless he agrees to pay rent and thereby becomes the tenant of the new owner.

It is not necessary that there should be a demand of rent of the tenant by the grantee, to create between them the relation of landlord and tenant. The landlord's right to the rent is complete without it, and he can at all times recover it, unless the tenant pay the rent to his original landlord before he receives notice of the transfer. In such case, the tenant having paid in good faith will be protected, and the only necessity for notice or demand from the new landlord, is to avoid the effect of such payment. *Watts* v. *Ognell*, Cro. Jac. 192.—*Birch* v. *Wright*, 1 T. R. 378.—*Lumley* v. *Hodgson*, 16 East, 99.—*Brown* v. *Storey*, 1 Mann & Grang. 117, and note *a.*—*Agar* v. *Young*, 1 Carr. & Marsh. 78. The instruction of the Court was therefore erroneous.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt*, for the plaintiff.

*D. Mace*, for the defendant.