*Fairfield,*
June, 1845.

Peck
*v.*
Northrop.

## Peck *against* Northrop and others.

A conveyance of leased premises, by the lessor, passes to the grantee the rents thereafter accruing, as incident to the reversion; and the lessor cannot sustain an action for such rent against the lessee.

It is the reversioner's privity of estate with the lessee, or his assigns, by reason of which the rent accrues to him, and not to the original lessor.

Where the lessor, after a conveyance by him of the reversion, which was duly recorded, sued the lessee for the rent which accrued after such conveyance; it was held, 1. that the plaintiff could not avail himself of the want of notice of such conveyance to the lessee; 2. that the recording of the deed of conveyance was notice to the lessee, and to every one else.

THIS was an action of *assumpsit* for the use and occupation of a certain piece of land in *Brookfield* in this state, and a store standing thereon.

The defendants pleaded, 1st, the general issue; and 2ndly, a set-off, with claim to a balance of 100 dollars, the plaintiff being insolvent and residing in the republic of *Texas.* The issues, by agreement, were joined to the court.

The accounts between the parties were referred to auditors, who reported a balance on book in favour of the defendants of 119 dollars, 18 cents. The defendants remitted all their demand exceeding 100 dollars; and the award was accepted by the court.

The cause was then tried, on the general issue, at *Danbury, October* term, 1844, before *Church*, J.

The plaintiff introduced in evidence a lease from him to the defendants, dated *April* 8th, 1837, of said store, and all the land adjoining said store *Southerly*, and twenty feet on the *Northerly* side of said store, for the term of three years from the 1st day of *April*, 1837, for the yearly rent of 50 dollars, to be paid on the 1st day of *April* in each year. It was admitted, that the defendants went into the use and occupation of the leased premises, under said lease, and continued in the occupancy thereof, for the term of three years from the 1st of *April*, 1837, at the yearly rent of 50 dollars, payable on the 1st day of *April* in each year. There was no proof, nor was it claimed, that any part of the rent had been paid to any one; and thereupon the plaintiff claimed, that he had proved his declaration, and was entitled to a recovery.

The defendants, for the purpose of showing that the plain-

*Fairfield,*
June, 1845.

Peck
*v.*
Northrop.

tiff could not sustain this action, introduced in evidence a quit-claim deed, executed by him, and duly delivered, to *Zerah S. A. Peck*, of certain lands described therein, and among them, the land leased by the plaintiff to the defendants. This deed was dated *October* 28th, 1837, and was duly recorded on the 30th of *December*, 1837. The plaintiff objected to the admission of this deed in evidence, for the purpose for which it was offered ; but the court admitted it.

There was no evidence that *Z. S. A. Peck* had ever demanded of the defendants the payment of the rent to be made to him ; nor that he had ever given to the defendants any other notice, that the leased premises had been conveyed to him by the plaintiff, than such notice as the recording of said deed furnished.

The plaintiff claimed, that notwithstanding the execution, delivery and recording of said deed, he was by law entitled to recover said rents in this action. The court decided otherwise, and found the issue in favour of the defendants.

The plaintiff thereupon moved for a new trial ; and the motion was reserved for the advice of this court.

*Belden*, in support of the motion, submitted the following considerations. In the first place, the rent, by the terms of the lease, is reserved to the lessor exclusively ; and the reservation being express, it precludes all implication. *Welles* v. *Cowles*, 4 *Conn. R.* 182.

Secondly, the transfer of the lease by the deed, does not alter the stipulations in the lease, nor in any way affect the legal right of the parties. The grantee only took the beneficial interest in the rent, subject to all the equities of the lessees. It is as though there had been a mere transfer of the rent, and nothing more. The parties to the deed could not, by their own act, make the defendants the tenants and debtors of *Z. S. A. Peck*, against their will.

Thirdly, the expression, that rent is incidental to the reversion, means only, that under the contract, construed according to the intention of the parties, the reversioner is entitled to the rent. *Welles* v. *Cowles*, 4 *Conn. R.* 182.

Fourthly, *Z. S. A. Peck* never claimed the rent, nor demanded it ; nor have the defendants ever paid it, or offered to pay it, to him ; but have throughout, by their plea of set-off,

as well as by their other acts, admitted it to be payable to the plaintiff.

*Booth,* contra, contended, 1. That where the reversion of leased premises is transferred, the rent thereafter to accrue, if the reservation be general, or to the heirs and assigns of the lessor, passes with it ; *i. e.* the rent is incident to the reversion. It is not, indeed, inseparably so ; for rent *may be* assigned, without the reversion, and *e converso.* 2 *Toml. Law Dict.* 82. *Cole* v. *Patterson,* 25 *Wend.* 456. *Stone* v. *Knight,* 23 *Pick.* 95. 97. 3 *Cruise's Dig.* 211, 12. 4 *Cruise's Dig.* 308, 9. *Demarest* v. *Willard,* ❦ *Cowen,* 206. 209. *Burden* v. *Thayer,* 3 *Metc.* 76. *Willard* v. *Tillman,* 2 *Hill,* 276.

2. That if the rent passes, the right is complete in the assignee, and notice is not necessary to perfect it, nor to protect the rights of the tenant. 2 *Hill,* 276.

3. That it is not for the *plaintiff* to urge this objection. If the defendants had paid the rent to him, and the assignee had then sued them for it, it would seem more reasonable for them to allege want of notice. *Lumley* v. *Hodgson,* 16 *East,* 99. The opinion of *Buller,* J., in *Birch* v. *Wright,* 1 *Term R.* 378. 385. is directly in point, and proves conclusively, that though want of notice may be shown, by the defendant, if he has actually paid the rent to the original lessor ; yet nothing but such payment will excuse him from paying to the assignee.

4. That if notice was necessary, and the plaintiff is entitled to insist upon it here, the recording of the deed was notice to all persons. [The counsel for the defendants then proceeded to reply to the positions advanced by the plaintiff's counsel, commenting minutely on the case of *Welles* v. *Cowles.*]

CHURCH, J. This is an action of *assumpsit,* to recover the arrears of rent for the use and occupation of leased premises, as stipulated in the lease, to be paid. The defendants do not deny the lease, nor the use and occupation under it ; but they say, that before any rent became due, the present plaintiff, who was the lessor, sold and assigned the estate leased to another, by a quit-claim deed, duly executed and recorded, together with the reserved rents.

*Fairfield,*
June, 1845.

Peck
*v.*
Northrop.

This presents the question, to whom is the rent payable which became due after the assignment, and in whom is the legal right to sue for and recover it?

The land subject to the lease, that is, the reversion, was sold by the plaintiff, to *Zerah S. A. Peck,* by deed, dated 23rd of *October,* 1837, and soon afterwards recorded. It is an elementary principle of the common law, that rent is an incident to the reversion, although it may be separated from it, by special words and clear intention. There was no separation, in the present case: the deed granting the reversion, by express language, grants also the reserved rents.

Rent grows out of the estate, and the enjoyment of it; and it is the privity of estate, rather than of contract, which connects the reversion with the rent. The contract only settles the amount of rent, and the terms of its payment.

Accruing rents, and such as are not yet payable, upon the death of the lessor, descend to his heirs at law, and not to his personal representatives, even if the administrators, &c., are named in the covenant to pay rent; and rent will be apportioned among the several owners of the reversion.

We do not here intend to decide, that a mere naked assignee of the rent, unaccompanied by the reversion, and where there is no privity of estate, may sue in his own name, and recover such rents; although some of the cases to which we refer in support of the foregoing principles, sanction such a doctrine. *Co. Litt.* 143. 151. 2 *Bla. Com.* 176. *Toller's Exrs.* 176. *Demarest* v. *Willard,* 8 *Cowen,* 206. *Cole* v. *Patterson,* 25 *Wend.* 456. 1 *Chitt. Pl.* 11. 2 *Tomlin's Law Dict.* 82. *Stone* v. *Knight,* 23 *Pick.* 95. 97. *Burden* v. *Thayer,* 3 *Metc.* 76. *Willard* v. *Tillman,* 2 *Hill,* 276. 3 *Cruise's Dig.* 211. *Robins* v. *Cox,* 1 *Lev.* 22. *Allen* v. *Bryan,* 5 *B. & Cres.* 512. (11 *E. C. L.* 292.)

The law is otherwise in regard to rents which have fallen due before the assignment of the reversion. These are mere choses in action; debts which have become disconnected from the land, and have no privity with it. Such cannot be assigned, so as to authorize an action in the name of the assignee.

It follows from the principle that rent accrues to the reversioner, by reason of his privity of estate with the lessee or his assigns, that his claim to it would not be strengthened, if

by the terms of the lease, the rent had been payable to the lessor, or *his assigns*.

It was said in argument, that if the rent be made payable to the lessor solely, this would exclude the reversioner. No authority for such a position was shown to us : we presume none can be found. It would conflict with the terms of the leases in some of the cases to which we have referred. We do not say, that language may not be so express, nor the intention of the parties so evident, as to make the payment of rent personal to the lessor himself. In the present case, the rent is not, in terms, made payable to the lessor.

There is nothing in the case of *Welles* v. *Cowles*, 4 *Conn. R.* 182., relied upon by the plaintiff, which will support his claim to this action. There, it was only decided, that the executor of *Sarah Norton* was entitled to the rents of her land, which accrued in her life-time, and became payable at her death. The lease in that case expired at her death, and there was no subsequent occupation, or after-accruing rent. The principles of that case are in accordance with the views we have expressed.

Neither is it competent to the plaintiff to insist, as he does, that the defendants had no notice of the assignment of the reversion. This is entirely unlike an assignment of a chose in action, where, to perfect it, notice must be given to the debtor. The land was assigned, and the rent only as incidental ; and notice of the transfer of the land was given to the defendants and every body else, by the recording of the quit-claim deed. More than this—no one but the defendants can complain of the want of notice. If the deed had not been recorded, and if the defendants had paid the rent to the lessor, without notice of the assignment, they might well complain, if afterwards sued for it by the assignee.

The decision of the judge at the circuit was clearly correct ; and we shall not advise a new trial.

In this opinion the other Judges concurred, except STORRS, J., who was absent.

**New trial not to granted.**