Pope et al. v. Harkins et al.

## POPE et al. *vs.* HARKINS et al.

1. A tenant is estopped from denying the title of his landlord, and interposing to it an outstanding title, which has never been asserted against him.

2. One tenant in common is liable to account to the other, for the rents and profits of the joint estate, received by him with the other's assent.

Error to the Chancery Court of Lauderdale. Before the Hon. David G. Ligon, Chancellor.

The bill in this case was filed by the defendants against the plaintiffs in error. The facts are fully set out in the opinion of the court. The chancellor decreed in favor of the complainants and his decree is now assigned as error.

L. P. Walker, for plaintiffs in error:

1. Pope has the right to dispute the complainants title, having been induced to recognise it by the representations of the complainants. Law Lib. Oct. 1846, 150; 2d U. S. Dig. 740,

§ 144; 2d Phil. Ev. C. & H. 202; Jackson, *ex dem.* v. Spear, 7 Wend. 401–304; 22 Wend. 121; 13 Johns. 537; 7 Wend. 401; 12 Wend. 105; 2 Johns. Cas. 223, 353; 8 Ala. 606, Randolph v. Carlton; 9 ib. 319.

2. Where respondent denies any title in the complainants they must establish it by proof. 1 Johns. Chan. Rep. 110; 3 ib. 304.

3. All of the rights of complainants are predicated on, and grow out of Pope's lease to Pearsall. But that lease was *rescinded* and *extinguished* by the burning of the tavern, which event made the performance of its conditions *impossible*, and therefore put an end to it. 5 Porter, 522; 7 Mass. 325–38; Coke Lit. 206. Hence their rights, being dependent upon the lease, when the latter was extinguished, were also at an end. The entire contract was gone, and if Pope has obtained any thing under it, it is his good fortune and the folly of Pearsall, and the complainants have nothing to do with it.

S. Parsons, for defendants:

1. As Pope had leased of complainants and held under them before the bill for the partition and account was filed, it was not necessary to allege any thing else for the purpose of showing title in the complainants by their bill. Harkins, et al. v. Pope, 10 Ala. Rep. 493. And it results from that, that any further proof of title is unnecessary.

2. As Pope leased of complainants, he was their tenant in the proper sense. But even in the action for use and occupation, a person holding under another cannot dispute the title of the latter. Fleming v. Gooding 10 Bing. Rep. 549; Cook v. Loxley, 5 T. Rep. 4; 2 Cam. 11.

3. Pope leased the entire property to Pearsall, admitting to him, at the same time, the rights of complainants—and the complainants who soon became aware of it, made no objection. Thus they sanctioned it, as the authorities cited by the chancellor show.

4. Equity does not permit Pope to make a private gain out of the trust interests. And this applies to the relation of landord and tenant, of partner & partner, &c. 1 Story's Com. on Eq. § 323, (2d edit.); Story on Partnership §'s 174, 175, 127, 129.

DARGAN, J.—The complainants allege that they are own-ers of an undivided third interest in a lot of land in the town of Florence, on which was situated a hotel, and that Willis Pope was the owner of the other two-thirds; one third in his own right, and the other in trust for the children of his wife. In the year 1840, complainants leased their third interest to Pope, for the sum of $333 33, at the expiration of which lease Pope leased the hotel, with another lot which he owned in fee, to one Pearsall for a term of years, for the sum of forty-five hundred dollars, which was paid by a conveyance of real estate to him, estimated at that sum. Afterwards the hotel was burned down, and the possession of the lot given up in consideration of seven hundred dollars, paid by Pope to the lessee. On the cancellation of the lease, Pope took posses-sion of the lot, and the bill alleges, that he has sold the brick, not destroyed by the fire, and has rented out the lot ever since and received the entire profits.

The bill seeks an account of the rents and profits, and also a partition of the lot of ground.

The answer admits that Willis Pope was the owner of two-thirds of the lot, as stated, and also that he leased of the com-plainants, one-third for the year 1840, for the sum stated in the bill, but denies that the complainants are the owners of one-third, and alleges, that Pearson, who conveyed to them, was incapacitated from drink, to make the contract, and also that he had previously conveyed to another.

It is very clear that the agreement between the complain-ants and the defendant Pope, for the rent of the one-third in-terest of the land, established the relation of landlord and ten-ant between them. See 10 Ala. Rep. When that relation is once shown to exist, the tenant is estopped from denying the title of his landlord, and he cannot be permitted to set up an oustanding or adverse claim against him, when he sues either for rent, or for the recovery of the demised premises. Randolph v. Carleton, 8 Ala. Rep. 606; Jackson v. Stewart, 6 Johns. 34; Jackson v. Harper, 5 Wend. 246; 1 Cow. 575; 2 Bin. 468. He may, it is true, show that the landlord has assigned his title, and that he is therefore bound as tenant to the assignee; this, however, is not disputing the title of his landlord, but it shows that he holds under, and in accordance

with it, and that he owes rent to him who has the title, which he acknowledged. 6 Ala. 606; Jackson v. Davis, 5 Cowen, 123; 6 Wend. 666. So a tenant may show that the title of his landlord is extinguished, or has passed from him by operation of law. If the premises are sold by execution against the landlord, the tenant may show this in bar of the landlord's action for rent, for the purchaser occupies the same relation to the landlord that a grantee by deed would. But so long as the title remains in the same condition that it was, at the time the lease commenced, a tenant, who has recognised the title of his landlord by accepting the lease, cannot be permitted to gainsay his landlord's title by interposing the adverse claim of a stranger, which has never been asserted in any manner against the tenant. Pope, therefore, by accepting the lease or renting one-third of the premises from the complainants, became their tenant, and must account for the rents accordingly.

2. We think it equally clear that the complainants are entitled to participate in the profits realized by the lease to Pearsall. The complainants are the owners of one-third of the lot, and hold in common with the defendant Pope, who leased the whole premises as if he had been the sole owner. From this lease the complainants did not dissent, but by their bill allege, that they assented to it. It is two plain to admit of argument, that this act of leasing by Pope, did not enlarge his interest in the premises; but the complainants, assenting to the lease, were entited to their *pro rata* proportion of the rents. As the lease was cancelled on account of the hotel's being burned, and the defendant Pope, realised considerable profits from the contract, these profits are liable to distribution, in the same manner that the rents would have been, and each tenant in common is entitled to share in the profits, according to his interest in the land.

We can see no error in the decree, and it must be affirmed.