RYERSS *vs.* FARWELL.

Where the assignee of a lessee is discharged under the bankrupt act, his whole
  title and interest in the demised premises passes to and vests in the assignee
  in bankruptcy.  And if he continues to occupy the premises after the as-
  signment, in the absence of any proof to show that the assignee in bank-
  ruptcy ever sold or assigned the lease to him or any one else, or that the
  tenant ever paid rent to the landlord, or held under the assignee in bank-
  ruptcy, it is a conclusion of law that he held under the landlord, as tenant
  at will; and he is liable in an action of assumpsit, for use and occupation.
Where a lessor, subsequent to the execution of the lease, assigns all his real
  estate to a trustee, in trust for the payment of his debts, the trustee is the
  proper person to bring an action against the lessee, for the use and occupa-
  tion of the demised premises, subsequent to the assignment to him.
A person entering upon premises, under the title of another, is estopped from
  controverting his landlord's title at the time he entered; but not from show-
  ing that the title afterwards passed from his landlord, to another person.
Estoppels *in pais* generally consist of acts, declarations, or admissions which
  have been acted upon by others, and are conclusive against the party
  making the declarations &c., in all cases between him and the person whose
  conduct he has thus influenced.
It is of the essence of this species of estoppel that the representation or act
  should have *influenced* the conduct of the individual setting up or alledging it.

ASSUMPSIT for use and occupation.   Plea, non-assumpsit and
bankrupt discharge.   On the 4th of May, 1839, the plaintiff, by
writing under seal, leased to Marcus M. Wheelock the premises
in question, being a tavern stand and about twelve acres of land
in Campbell Town, Steuben county, for five years from May 1,
1839, at a rent of $80 a year, payable semi-annually in advance.
On the 21st of March, 1840, Wheelock assigned the lease to the
defendant for four years from May 1, 1840, the plaintiff having
previously, by indorsement on the lease, dated March 13, 1840,
consented to the assignment.   The defendant assigned his in-
terest in the lease to Ebenezer Clawson, on the first of Novem-
ber, 1843, from that time to May 1, 1844; the assignment ex-
pressing that it was "in consideration that the said Clawson
shall pay to the above named G. A. Ryerss or his representa-
tives, the rent for the above named term of six months."   The

Ryerss *v.* Farwell.

defendant, who was a witness on the trial, testified that he occupied the premises, under the lease and assignment to him, from some time in 1840 to about 1st October, 1843. On the 27th of May, 1842, the defendant presented his petition in bankruptcy to the district court of the United States for the northern district of New-York, and was discharged in pursuance thereof, October 4, 1842. On the 4th day of July, 1842, the plaintiff conveyed and assigned to Joseph W. Ryerss all his real estate, describing the demised premises in particular, and a claim against the defendant for $125, for rent then due on the premises, the said conveyance and assignment being in trust, for the payment of the debts of the plaintiff. It was proved that the use of the premises was worth $80 a year. The cause was tried at the Steuben circuit in March, 1849, before a justice of this court without a jury, who held and decided, among other things, that notwithstanding the conveyance of the premises in trust by the plaintiff, the action might be sustained in his name, the trustee being cognizant of the proceeding, and acting as agent in the collection of rent, and that being concluded from setting up any separate claim on his own behalf as trustee, and nothing appearing to show that the defendant had ever paid rent to the trustee, or that the latter had demanded payment of the rents in his right as trustee, or that the defendant had ever disclaimed holding under the plaintiff. And the justice rendered judgment in favor of the plaintiff for $138,50 damages, being the rent from May 27, 1842, to the 1st of October, 1843, with interest. To which decision the defendant's counsel excepted.

After the plaintiff had rested, the defendant's counsel moved for a nonsuit, on the ground that the defendant having held the premises by virtue of, and under, a sealed lease, or agreement, assumpsit for use and occupation would not lie against him, and that the action should have been covenant upon the lease; which motion was overruled and the defendant's counsel excepted.

A motion was now made for a new trial.

*W. Barnes*, for the defendant.

*R. Campbell*, for the plaintiff.

*By the Court*, WELLES, J.   I agree with the justice before whom the cause was tried, that after the whole title and interest of the defendant in the demised premises had passed to and vested in the assignee in bankruptcy, the defendant did not hold, use or occupy the premises by virtue of his title as assignee of the lessee under the lease, and therefore he is liable to the landlord for the use and occupation, in an action of assumpsit.   It is urged that the proof in the case shows that he did so hold under the lease, as assignee thereof.   The defendant, who was a witness on the trial, testified that he never made any agreement with the plaintiff, " unless perhaps he assented to the assignment of the lease ;" that he held under the written lease from the plaintiff to Wheelock.   There is no proof whatever to show that the assignee in bankruptcy ever sold or assigned the lease to the defendant or any one else, or that he ever paid rent to the landlord, and none to show that the defendant held under the assignee in bankruptcy.   It is a conclusion of law, therefore, that he held under the landlord as tenant at will; and was liable in an action of assumpsit for the value of the use and occupation. The question who the legal landlord of the defendant was, after the plaintiff's conveyance to Joseph W. Ryerss, is one of more difficulty.   By that instrument the plaintiff's legal estate and title passed to Joseph W. Ryerss; and unless there is something in the proof to estop the defendant from setting it up, it would seem that he (Joseph W. Ryerss) was the individual to bring the action for the use and occupation, accruing after that conveyance.   (1 *R. S.* 747, § 23.)   I do not find any thing, excepting the proof that Joseph W. Ryerss acted as the plaintiff's agent in relation to collecting the rent, and that in the defendant's assignment to Clawson the consideration of that assignment is stated to be that Clawson should pay the plaintiff or his representatives for the portion of the term so assigned.   It does not appear that Joseph W. Ryerss ever made known to the defendant his character as agent of the plaintiff, or that the defendant ever knew of or recognized such agency ; and if it were otherwise, I am at a loss to perceive how it would alter the case. His character of trustee would make him a *quasi* agent; that is,

Ryerss *v.* Farwell.

it would give him a right to act for and in behalf of others, but in his own name. It seems to me that he had a right to sustain the action against the defendant for the use and occupation; and if so, the plaintiff had not, unless the defendant is estopped from denying the plaintiff's title.

The defendant entered under the plaintiff's title, and he is estopped from controverting it at the time he entered, but not from showing that the title afterwards passed from the plaintiff, to another person. It remains only to inquire whether the fact that the defendant, in his assignment of the lease to Clawson, undertook to provide for the payment of the rent to the plaintiff for the unexpired portion of the term, was such a recognition of the plaintiff's title, as to amount to an *estoppel*. It certainly was not a technical estoppel by a deed or record. If it was one at all, it was an *estoppel in pais*. Such estoppels rest upon principles of policy and sound morality. They generally consist of acts, declarations or admissions *which have been acted upon by others*, and are conclusive against the party making them, in all cases between him and the person whose conduct he has thus influenced; and he is estopped on grounds of public policy and good faith, from repudiating his own representations or acts, and from denying the legal consequences which would result, on the assumption of their truth. It is of the essence of this species of estoppel, that the representation or act should have influenced the conduct of the individual setting up or alledging it. Can this be said of any thing, which by the testimony can be attributed to the defendant in this case? In the first place, the assignment was of the unexpired portion of the term, and the supposed recognition of the plaintiff as landlord did not relate to any part of the rent, or use and occupation, in controversy; and in the second place, it did not appear that the plaintiff had done any thing, or parted with any right, upon the faith of it.

I confess I am unable to get over this objection to the ruling of the learned justice, or to perceive any right the plaintiff has to recover for any portion of the use and occupation of the premises, excepting between the 27th of May and 4th of July, 1842.

To test the question, suppose the defense was put into the

shape of a special plea, setting up the defendant's discharge in bankruptcy, against the claim for rent up to and including the 27th of May, 1842, payment of so much as accrued between that time and the 4th of July of the same year, and that on the last mentioned day the plaintiff conveyed the demised premises to Joseph W. Ryerss—would not such a plea be a good answer to the declaration? Most clearly it would. The discharge would bar a recovery of the rent accruing up to the presentation of the petition; the payment of that part between May 27th and July 4th, and the assignment by the plaintiff to Joseph W. Ryerss, would show that the plaintiff had no right to the residue of the rent. Then, if a replication admitting the discharge in bankruptcy, and the allegation of payment, and setting up the same matters, in answer to the assignment, as were given in evidence at the trial for that purpose, would be a good answer to the plea, the ruling at the trial should be sustained. But I apprehend it will not be seriously contended that such a replication would be good.

A new trial should be granted, with costs to abide the event.

------•●•------

SAME TERM.   *Before the same Justices.*