By the Court.—Moncrief, J.
It appears by the case presented upon the hearing of the motion for judgment upon the verdict, that upon the trial of the issues of fact by a jury, this case presented only questions of law. whereupon the presiding justice directed a verdict subject to the opinion of the court at general term, and a verdict pursuant to that direction being rendered for the defendant, the justice ordered that application for judgment on said verdict be made at the general term. In such a case the application for judgment must be made at the general term (Code of Procedure, § 265). A verdict having at the trial been directed in favor of the defendant, the rulings' thereupon against him cannot be considered upon this motion. “ The rule is to examine the decisions made by the (circuit) judge against the party who has lost the verdict, and to grant or refuse a new trial, according as' we find them erroneous'or otherwise (Elsy v. Metcalf, 1 Den., 323; Rogers v. Murray, 3 Bosw., 357).
It appears that on Saturday the 10th day of December, 1842, one Daniel B. Tallmadge was, in the district court of the United States for the Southern District of New York, “ declared and decreed a bankrupt pursuant to the act of Congress entitled, “ An act to establish a uniform system of bankruptcy throughout the United States, passed August 19th, 1841. And it was furthermore, “ ordered by the court that the clerk certify and deliver this decree to William C. H. Waddell, the official or general assignee in bankruptcy, appointed and designated under the rules and regulations of the court.” The order of appointment of Waddell above referred to, under date 4th January, 1842, was also read in evidence.
The present action is an action of ejectment, brought by the plaintiff, claiming title to one of several lots of land, being part of what is known as the Hermitage Tract, whereof said Tallmadge was possessed, or in which he had some interest or claim at the time of his being declared a bankrupt, as aforesaid.
Whatever estate, rights or interests were possessed or claimed by the bankrupt (Tallmadge), passed to and became vested in the general assignee by virtue of the decree declaring him a bankrupt, &c. (Ryerss v. Fawrell, 9 Barb., 615). The conveyance under which the plaintiff makes his claim so asserts—“ I * * * do hereby grant unto the said Bushnell, Stevens, his heirs and assigns forever, all the right, title and interest which *395 the said bankrupt had, and which by virtue of the decrees and orders above recited, and of the act entitled l£ An act to establish a uniform system of bankruptcy throughout the' United States,” as aforesaid became vested in me, and which I have a right to convey of, in and to all, &e. * * It did not appear that Mr. Waddell, the general assignee in bankruptcy, had ever asserted a title or made or pretended to have any title, or claim of title, or interest in and to the promises in question, unless the conveyance aforesaid, some nineteen years after the decree of bankruptcy, can be treated as such claim of title.
There was proof that the defendant had been in possession 16 or 17 years.
Judge Nelson, in his opinion in the matter of Conant (MSS., May 20th, 1862) says, * * “ A short bar to suits by limitation, either by the assignee- or the adverse claimant, furnished a fit and appropriate remedy against delay, where compromise was impracticable. The last- clause of the section seems conclusive, in favor of this construction. The time from which the two years’ limitation begins to ran, is the date of the declaration and decree of bankruptcy, or if the cause of action had not then accrued, two years after it had.” * * The remaining portion of the opinion not applicable to the present case (as read from the extract upon the plaintiff's points), seems to me to indicate that the question to be determined in that case was. whether a claim arising out of dealings made with the assignee after the acquisition of title, possession, &c., was within the limitation, and it was held it was not barred.
In the present case, the cause of action, if any, was perfect at the date of the decree, made in 1842; if at that time Mr. Wad-dell had gone into possession of this lot claiming title, and the defendant or some other ¿d verse claimant desired "to dispute the title of the bankrupt or his assignee, by the plain terms of the act, and following this decision in its interpretation, the action must have been brought within two years, and if not so brought is forever barred.
The decision cited by the counsel for the defendant, while entitled'to great weight as expressing the opinion entertained by four of the most eminent jurists in this State, was not the opinion of the court, and cannot therefore be said to be decisive on the point (Cleveland v. Boerum, 24 N. Y., 613 .
It was not shown that the bankrupt was in possession of the *396 premises in question at the time of the making of the declaration and decree of bankruptcy, or indeed that he ever was in possession ; there was no proof of possession by the assignee, nor of a claim or pretence of a right of possession; it would seem to furnish some light upon the interest which the assignee presumed the bankrupt had at the time of the making of the decree, that he states in his application for leave to sell and dispose of the “interest which the said bankrupt had, and which became vested in the assignee by the decree aforesaid,” that it can be sold only “ for a nominal consideration, and the costs of the assignee and his counsel therein, and the title hereby sought Toeing of no pecuniary value to the estate.”
Under such circumstances we think it plain that the plaintiff in this action cannot recover. The complaint was therefore properly dismissed, and judgment should be entered upon the verdict for the defendant with costs.