## ENGLISH *vs.* KEY.

[ACTION ON PROMISSORY NOTE, BY ASSIGNEE AGAINST MAKER.]

1. *Estoppel against tenant from denying landlord's title.*—The tenant is estopped, in any proceeding by his landlord for the recovery of rent or possession, from denying the title of the latter; yet he may show that he has been evicted under a paramount title, or that his landlord's title has been extinguished, or has passed from him, either by his own act, or by operation of law.

2. *Apportionment of rent; attornment, and eviction.*—In the absence of an express stipulation to the contrary, there is no apportionment of rent between the lessor and his assignee; and the same principle applies, where the land is sold, during the term, under execution against the lessor; nor is it necessary, in such case, to perfect the purchaser's right to the entire rent afterwards falling due, and discharge the tenant from liability therefor to the lessor, that the tenant should attorn to the purchaser, or be evicted by him.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. JOHN K. HENRY.

THIS action was brought by R. M. Key, against W. W. English; was founded on the defendant's promissory note for $300, dated the 17th April, 1858, payable on the 1st

January, 1859, to R. H. Jones or bearer, and assigned by said Jones to the plaintiff; and was commenced on the 21st June, 1860. The defendant pleaded the general issue, and failure of consideration; and issue was joined on those pleas. On the trial, as the bill of exceptions states, "the plaintiff read in evidence the note described in the complaint, and the defendant then offered in evidence the following statement of facts: One White recovered a judgment against Key on the 3d April, 1858. On the 9th April, 1858, an execution on said judgment was issued, and placed in the hands of the sheriff of Monroe. On the 15th April, 1858, Key rented the land to English; and on the 17th April, 1858, English gave the note sued on, for the rent of the land for the balance of the year. On the 5th July, 1858, the sheriff sold the land to one Bender, who claimed an immediate right of possession under his purchase, and agreed to let English remain in possession, as his tenant, for the remainder of the year; to which English voluntarily assented. English accounted to, and settled with Bender, for the rent after the 5th July. The land was not redeemed from Bender by Key until after the 1st January, 1859. The plaintiff admitted these facts to be true, but objected to the evidence as irrelevant and incompetent. The court sustained the objection, and excluded the evidence; to which the defendant excepted," and which he now assigns as error.

TORREY & LESLIE, for appellant.—The contract between English and Key was entire; and on the sale of the land under execution against the latter, the rent afterwards falling due passed to the purchaser at the sale. Although a tenant cannot dispute the title of his landlord, he may nevertheless show that it has been extinguished, or has passed from him by operation of law; and a sale under execution is one of the cases in which that defense has been most frequently allowed. In support of these positions, see *Randolph v. Carlton*, 8 Ala. 614; *Pope v. Harkins*, 16 Ala. 321; *Smith v. Mundy*, 18 Ala. 185; *Evertson v. Sawyer*, 2 Wendell, 507; *Lawrence v. Miller*, 1 Sandf. 516; *Wolf v. Johnson*, 30 Miss. 513; *Jackson v. Rowland*, 6 Wendell, 666; *Sampson v. Grimes*, 7 Blackf. 176; *Peck v. Northrup*,

17 Conn. 217; *Horner v. Leeds*, 1 Dutcher, 106; *Burden v. Thayer*, 3 Metcalf, 76; *Morse v. Goddard*, 13 Metcalf, 177; *Charnely v. Hansbury*, 13 Penn. St. 16; *George v. Putney*, 4 Cushing, 351; *Ryers v. Farwell*, 9 Barbour, 615; *Wilton v. Dunn*, 7 Eng. L. & Eq. 406; *Howell v. Ashmore*, 2 N. J. 261; *Tilghman v. Little*, 13 Illinois, 239; *Martin v. Martin*, 7 Md. 368; *Elliott v. Smith*, 23 Penn. St. 131; *Buffum v. Deane*, 4 Gray, 385; *Swann v. Wilson*, 1 A. K. Mar. 99: *Devatch v. Newsom*, 3 Ham. 57; *Montague v. Gay*, 17 Mass. 439; *York v. Jones*, 2 N. H. 454; *Gregory v. Crabb*, 2 B. Monroe, 234; *Willard v. Tillman*, 2 Hill, 274; *Wilson v. Delaplaine*, 3 Harring. 499; *Snider v. Riley*, 1 Speers, 272; Smith's Landlord and Tenant, 234, n. 17; Washburn on Real Property, vol. 1, (top) 359-60.

O. S. JEWETT, *contra.*—1. If there was any failure of consideration, it was partial only, and was not, therefore, a good defense under the plea.— *Greenleaf v. Cook*, 2 Wheaton, 13; *Tallmadge v. Wallis*, 25 Wendell, 107.

2. The voluntary surrender of the possession to the purchaser at the execution sale, was not equivalent to an eviction.—8 Sm. & Mar. 727, 744. No eviction being shown, the sale of the land under execution was no defense to an action on the note given for the rent.—*Heath v. Newman*, 11 Sm. & Mar. 205.

3. Having enjoyed the premises, without interruption, for the entire period of his lease, the defendant was bound to pay the rent.—Minor, 352; 1 Stew. 490; 5 Stew. & P. 103, 431; 8 Porter, 500; 1 John. Ch. 213; 5 Cowen, 195; 17 Wendell, 188; 21 *ib.* 134; 25 *ib.* 116.

R. W. WALKER, J.—[1.] The familiar rule, which prohibits the tenant from denying the title of the landlord, in any proceeding instituted by the latter, for the recovery of rent, or of possession, must be taken with the qualification (now quite as well established as the principal rule), that the tenant may show that he has been, *bona fide*, evicted under a paramount title, or that, since the inception of the lease, the title of the landlord has been extinguished, or has passed from him, either by his own act, or by operation of

law.—*Randolph v. Carlton,* 8 Ala. 614; *Pope v. Harkins,* 16 Ala. 323; *Smith v. Mundy,* 18 Ala. 185; *Wolf v. Johnson,* 30 Miss. 513; *Ryers v. Farwell,* 9 Barb. 615; 1 Washb. Real. Prop. 615.

[2.] Except where it is payable in advance, no claim for rent arises, until the lessee has enjoyed the premises the whole time for which the payment of a rent is stipulated to be made. Hence it follows, that if the tenant be evicted by a paramount title, pending the lease, and before the rent falls due, he will not be liable to his landlord for rent for the unexpired term during which he may have enjoyed the land. In conformity to the principle that an entire contract cannot be apportioned, there is, in such cases, no apportionment of rent in reference to the length of time of occupation. The enjoyment of the estate for the stipulated term is the consideration for the covenant to pay rent; and on the plain ground of equity, that ·the obligation to pay ceases when the consideration for it ceases, the eviction of the lessee by a paramount title works his discharge from the payment of any rent thereafter falling due.—*Clum's case,* 10 Coke's R. 128; *Salmon v. Smith,* 1 Wm. Saunders' R. 205 (n); *Wood·v. Partridge,* 11 Mass. 488·; *Boardman v. Osborn,* 23 Pick. 295; *Morse v. Goddard,* 13 Metc. 177; *George v. Putney,* 4 Cush. 351; *Russell v. Fabyan,* 7 Foster, (N. H.) 543; *Martin v. Martin,* 7 Md. 375; *Giles v. Comstock,* 4 Comstock, 275; Smith's Landlord and Tenant, 134; 3 Kent, 464; 1 Washb. R. P. 97, 337, 341; Greenl. Cruise, title 28, ch. 3, §§ 1 *et seq.*

By the ancient law, no grant of a reversion could be made without the consent of the tenant, expressed by his attornment to his new landlord.—Co. Litt. 309 *a*, n. (1). In early times, the relation of lord and tenant was of a much more personal nature than it is at present; and it was thought reasonable that a tenant should not have a new landlord imposed upon him without his consent. The tenant, therefore, was able to prevent his lord from making a conveyance to any person, whom he did not choose to accept as landlord; for he could refuse to attorn to the purchaser, and without attornment the grant was invalid. The only means by which the landlord could convey his rever-

sion without his tenant's concurrence, was by the expensive process of a *fine* levied in the court of common pleas. In process of time, when the rent paid by the tenant became the only service, of any benefit, received from him by the landlord, the doctrine was found inconvenient; and the necessity of attornment to the validity of the grant of a reversion was accordingly abolished by a statute passed in the reign of Queen Anne, (4 and 5 Anne, ch. 16, § 9,) which also provided, that no tenant shall be prejudiced by payment of his rent to the grantor before notice of the grant. Wms. Real Prop. 203. Both of these provisions form part of the statute law of Alabama.—Code, § 1298; also, § 2215.

Rent is incident to the reversion ; and the lessor's transfer of the reversion, though without the tenant's attornment to the assignee, or any express mention of the rent, carries with it the rent falling due thereafter. The holder of the reversion may, indeed, sever the rent from the reversion ; but, unless it is specially reserved, the rent follows the reversion as a part of the realty. With the exception of cases arising under the statute of 11 George II, (ch. 19, § 15,) which is confined to the case of a life-tenant lessor dying pending the lease, and the principle of which has been re-enacted in some of the States and adopted by the courts in others, (1 Washb. R. P. 98 ; 3 Kent, 471,) rent cannot be apportioned as to time. There is, therefore, no apportionment of the rent between the lessor and his assignee ; but whoever owns the reversion at the time the rent falls due, is entitled to the entire sum then due ; and a lessor who has parted with the reversion, without specially reserving the rent, cannot maintain an action against his lessee for rent falling due thereafter.—*Burden v. Thayer*, 3 Metc. 76 ; *Van Wicklen v. Paulsen*, 14 Barb. 654 ; *Demarest v. Willard*, 8 Cowen, 206 ; *Martin v. Martin*, 7 Md. 368 ; *Peck v. Northrop*, 17 Conn. 217 ; *Breeding v. Taylor*, 13 B. Monr. 477 ; *Sampson v. Grimes*, 7 Blackf. 175 ; *Stout v. Kean*, 3 Harring. 82 ; *Birch v. Wright*, 1 Term R. 378 ; *Flinn v. Calow*, 1 M. & G. 589 ; 1 Washb. R. P. 337-8-9. The defense thus arising in favor of the lessee, against an action by the lessor for rent falling due after an assignment

of the reversion, does not depend upon eviction or ouster by the assignee, but is complete without it. By the transfer of the reversion, and of the rent afterwards falling due as incident thereto, the lessor becomes bound to pay such rent to the assignee, and is discharged from liability therefor to the lessor.—*George v. Putney,* 4 Cush. 351 (356) ; *Farley v. Thompson,* 15 Mass. 18 ; authorities *supra.*

The same principles apply, and the same results follow, in the case of a transfer of the reversion by judicial sale. In *Pope v. Harkins,* (16 Ala. 324,) Dargan, C. J., said : " If the premises are sold by execution against the landlord, the tenant may show this in bar of the landlord's action for rent; for the purchaser occupies the same relation to the landlord that a grantee by deed would." And the authorities are clear to the point, that a purchaser of the lessor's estate at execution sale is entitled to the rent falling due after the execution of the sheriff's deed.—*Randolph v. Carleton,* 8 Ala. ; *Bank of Pa. v. Wise,* 3 Watts, 394 ; *Martin v. Martin,* 7 Md. 368; *Wilson v. Delaplaine,* 3 Harring. 499 ; *Moore v. Turpin,* 1 Speers, 32 ; *Montague v. Gay,* 17 Mass. 439 ; *George v. Putney,* 4 Cush. 351 (356) ; *Buffum v. Deane,* 4 Gray, 485 ; 1 Washb. Real Prop. 333.

It is obvious from has been said, that the court erred in rejecting the evidence.

Judgment reversed, and cause remanded.