# Hand *v.* Liles.

*Action for Rent, commenced by Statutory Attachment.*

1. *Sale of leased premises during term; right to rents afterwards falling due.* When leased premises are sold, during the term, under a decree in a chancery cause to which the lessor and lessee are both parties, the purchaser is entitled to the rent which afterwards falls due, and the lessor cannot recover it by action; although the sale was not confirmed until after the expiration of the lease, and the lessee remained in the undisturbed possession during the entire term.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. JAMES E. COBB.

This action was brought by Jasper D. Liles against Arthur J. Hand, and was commenced by a statutory attachment against the defendant's crop, sued out on the 29th September, 1875, and levied on two bales of cotton raised by the defendant, during the year 1875, on lands rented to him by the plaintiff. The attachment was sued out on the ground that the defendant was about removing his crop from the leased premises, without paying the rent, and without the plaintiff's consent; and the amount claimed as rent was stated to be $150. The contract between the parties, which was set out at length in the amended complaint, was signed by both parties, attested by two witnesses, and in the following words: "Know all men by these presents, that we, J. D. Liles and A. J. Hand, enter into articles of agreement as follows: Whereas, the said J. D. Liles, the party of the first part, has this day rented the lands and premises known as the 'Jordan Wood place,' lying in the State and county aforesaid, to A. J. Hand, the party of the second part, for the present year. The party of the second part agrees to cultivate said land in farming-like order, and pay to the said J. D. Liles the customary rent for said lands. The condition of the above obligation is such, that if the said A. J. Hand shall pay to the said J. D. Liles $268.75, in thirty days after date, then this obligation to be null and void; otherwise to remain in full force and virtue in law. This January 11, 1875."

The original complaint contained only one count, claiming $150 as the rent of the land; but an amended complaint was afterwards filed, as follows: "Plaintiff claims of defendant $150, for that whereas, heretofore, to-wit, on the 11th January, 1875, the said defendant and plaintiff entered into the following written contract," setting it out as above copied. "Plaintiff avers, that said Hand failed to pay said $268.75, within thirty days after the execution of said contract, and has never paid the same; and that said Hand went into possession of said land under said contract, and cultivated the same, during the year 1875, as the tenant of the plaintiff, under said contract; and that the customary rent of said lands was one fourth of the cotton, and one third of all the grain grown upon the land during the current year; and that said Hand has never paid plaintiff the rent he agreed to pay under said contract; and that the value of the rent due him by said Hand, under the said contract, in money, was and is $150; and that defendant has failed to pay said $150, and is due plaintiff the said sum for the rent of said land during the said year, 1875, with interest from the 31st December, 1875. Plaintiff avers, also, that said contract of renting allowed the defendant to remain in possession of said land

[Hand v. Liles.]

until the 31st December, 1875, and he did remain in possession of the same until the 31st December, 1875; and that said Hand has sold the cotton and grain that was and is due plaintiff for rent of said land, and appropriated the proceeds to his own use."

The defendant pleaded the general issue, and also a special plea, which averred, in substance, that by the terms of the written contract the rent was not due and payable until the 31st December, 1875; that on the 1st November, 1875, before the rent was due, the lands were sold by the register in chancery, under a decree rendered by the Chancery Court of Chambers county, in a certain cause therein then pending, in which one Jordan Wood was the plaintiff, and the defendant and plaintiff in this suit were respondents, and were bought at the sale by one H. L. Stanfield; that the said register executed and delivered a deed for the lands to the said Stanfield, as the purchaser at the sale, and duly reported the sale to the said Chancery Court at its next ensuing term, which was held on the 1st Monday in March, 1876, when the sale was confirmed by the said court; and that by virtue of these proceedings the right to the rents passed to and vested in said Stanfield. The plaintiff demurred to this plea, assigning as causes of demurrer—1st, that it showed on its face that the sale by the register was not confirmed until after the termination of the lease; 2d, that it did not show any eviction or ouster of the defendant during the term; and, 3d, that it failed to aver or show that the defendant did not remain in the possession of the lands during the entire term. The court sustained the demurrer, and its judgment thereon is now assigned as error.

J. J. ROBINSON, with C. D. HUDSON, for appellant, cited *English v. Key*, 39 Ala. 113; Rorer on Judicial Sales, §§ 122, 127; *Evans v. Spurgin*, 6 Gratt. 107; *Wagner v. Cohen*, 6 Gill, 97.

W. H. DENSON, *contra.*—The complaint alleges that the defendant enjoyed the undisturbed possession of the leased premises during the entire term. Under these circumstances, he was estopped from denying his lessor's right to the rent. *Cook v. Cook*, 28 Ala. 660–68. In *English v. Key*, 39 Ala. 113, the purchaser claimed the immediate right to the possession; and the lessee attorned to him, and paid him the rent. In this case, there has been no eviction, no ouster, no demand of possession, no interruption of the defendant's occupancy of the premises. So far as the plea shows, Stanfield does not claim the rent. His purchase was not complete, until its

confirmation, which was after the expiration of the term·
Relation is a fiction of the law, only indulged to advance
justice, and never allowable when it will work wrong or in-
justice.

STONE, J.—In *Pope v. Harkins*, 16 Ala. 324, Chief Justice
DARGAN said : "A tenant may show that the title of his land-
lord is extinguished, or has passed from him by operation of
law.   If the premises are sold by execution against the land-
lord, the tenant may show this in bar of the landlord's action
for rent; for the purchaser occupies the same relation to the
landlord, that the grantee by deed would." So, in *English
v. Key*, 39 Ala. 117, we said: "There is no apportionment of
the rent between the lessor and his assignee ; but whoever
owns the reversion, at the time the rent falls due, is entitled
to the entire sum then due; and a lessor who has parted
with the reversion, without specially reserving the rent, can
not maintain an action against his lessee, for the rent falling
due thereafter.   The defense thus arising in favor of the
lessee, against an action by the lessor, for rent falling due
after an assignment of the reversion, does not depend upon
eviction or ouster by the assignee, but is complete without it.
By the transfer of the reversion, and of the rent afterwards
falling due, as incident thereto, the lessee becomes bound to
pay such rent to the assignee, and is discharged from liability
therefor to the lessor."   And we added : "The same princi-
ples apply, and the same results follow, in a case of a trans-
fer of the reversion by judicial sale."   See, also, *Bank of
Pennsylvania v. Wise*, 3 Watts, 398–9; *George v. Putney*, 4
Cushing, 354; *Martin v. Martin*, 7 Md. 368; *Wilson v. Dela-
plaine*, 3 Har. 499; *Buffum v. Deane*, 4 Gray, 385.

In the case of *Wagner v. Cohen*, 6 Gill, 97, leased premises
were sold under a decree of the Chancery Court; but the
sale was not confirmed by the court, until several months
afterwards.   The court, speaking "of the imperfect right
acquired by a purchaser at a sale of this kind," said: "It
gives to him an inchoate and equitable title, which becomes
complete by the ratification of the court.   When this is
accomplished, the ratification retroacts, and he is regarded
by relation as the owner from the period of the sale.   He is,
as such proprietor, entitled to the rents and profits of the
estate."   See, also, *Evans v. Spurgin*, 6 Gratt. 107.

The case of *Peck v. Northrop*, 17 Conn. 217, is not dis-
tinguishable from the present one.   In that case, the lessor,
before the maturity of the contract for rent, conveyed the
leased premises, and afterwards brought an action to recover
the rent.   The defense was, that before any rent became due,

[Pitts v. Powledge.]

the plaintiff, who was the lessor, sold and assigned the estate leased to another. The defense was sustained, the court deciding, that, "When the lessor, after a conveyance by him of the reversion, which was duly recorded, sued the lessee for the rent which accrued after such conveyance, the plaintiff could not avail himself of the want of notice of such conveyance to the lessee." See, also, *Walker's case,* 3 Rep. 22–3; *Sampson v. Grimes,* 7 Blackf. 176; *Van Wicklen v. Paulson,* 14 Barbour, 654; *Breeding v. Taylor,* 13 B. Monroe, 481; *Chambers v. Pleak,* 7 Dana, 426.

Under the authorities above cited, and under the authority of *English v. Key,* we hold that, when the lands, the subject of the lease, were sold, the right to the rents, not then due, passed from Liles, the lessor, and vested in Stanfield, the purchaser, if the averments of the first plea be true. From that time forth, there was, according to the plea, no part of the rent due to the plaintiff below; and the demurrer to it was improperly sustained.

The judgment is reversed, and the cause remanded.