SOLOMON KAUHANE, HARRY KAUHANE, KAPEKA KAUHANE, WAIMAHUI KAUHANE AND KAMAUKEALII KAUHANE, MINORS, BY THEIR GUARDIAN, HENRY SMITH, AND KAPEKA BAKER v. WILLIAM LAA.

Exceptions from Circuit Court, First Circuit.

Submitted October 8, 1908.             Decided October 19, 1908.

Hartwell, C.J., Wilder and Ballou, JJ.

Tenancy in common—*apportionment of rent.*

The rule that rents from property owned by tenants in common and leased to a stranger are apportioned according to the interests of the owners is not altered by the fact that the lease was signed by only one cotenant with the acquiescence of the other.

OPINION OF THE COURT BY BALLOU, J.

This was an action of assumpsit for money had and received, being the rentals of certain lands which had been collected by the defendant. The land in question descended from the original patentee to Hao, who died intestate leaving a widow, Pelani, and three children, Solomon Kauhane, Haui, and the defendant Laa. Haui died, whether before or after attaining majority being in dispute on the evidence. Solomon Kauhane conveyed his interest to his mother Pelani, who was thereupon entitled to an undivided interest as tenant in common with her son the defendant. Pelani, with the consent and acquiescence of the defendant, leased the land to Su Chin Hoo. Thereafter

Pelani reconveyed all her interest to Solomon Kauhane, who died soon afterwards leaving the plaintiff, Kapeka Baker, his widow, and the minor plaintiffs his heirs at law. Defendant claimed that the deed from Pelani to Solomon Kauhane though recorded was never delivered, and claims under a subsequent deed from Pelani to himself in which she reserved a life interest. The defendant collected the rents due under the lease and plaintiffs obtained a verdict against him for the full amount. The defendant brings exceptions, of which the most material are those to the giving of the following instructions by the court:

"If you find from the evidence that on April 2, 1898, Pelani was the owner of an interest in the land in question and that said Pelani on said date executed a lease to said land to Su Chin Hoo, with the consent of William Laa, her cotenant in common, you must find that the grantee of Pelani and his successor of successors in interest are entitled to all the rents due from said Su Chin Hoo by the terms of said lease." Instruction 5.

"You are further instructed that whether Haui 2nd died a minor or after he had attained his majority has no bearing on the issues involved in this case." Instruction 6.

The usual rule is that tenants in common are entitled to the rentals of land leased to a stranger in proportion to their several interests. The fact that one cotenant alone signed the lease, the other acquiescing therein, is not sufficient to vary the usual rule. *Pope v. Harkins,* 16 Ala. 321. There was no evidence of any misrepresentation made by the defendant upon which Pelani or her grantee relied and therefore there is no element of estoppel. If the defendant waived his share of the rental in favor of his mother without consideration there would be no legal contract on which the plaintiffs could rely. A verdict for the entire rent based upon the fifth instruction cannot be sustained. It also follows that the quantum of interest held by Pelani and the defendant at the time of the lease was material, and as this depends upon whether Haui died a minor or

Kauhane v. Laa, 19 Haw. 223.

after he attained his majority (R. L. Sec. 2510) the sixth in-struction was also erroneous.

It is unnecessay to pass in detail upon the exceptions relating to the exclusion of evidence offered in support of defendant's theory that the deed from Pelani to Solomon Kauhane was not delivered, but we are of the opinion that some of the evi-dence excluded, though slight, tended to support the claim and should have gone to the jury.

The exceptions are sustained and a new trial ordered.

*W. W. Thayer* for plaintiffs.

*W. C. Achi* for defendant.