## SMITH *et al.* *vs.* WILEY.

1. When the endorsement on a writ states that the suit is founded on a refunding bond given to the plaintiff as administrator, while the writ is in the name of the plaintiff individually, and the declaration agrees with the writ, there is not such a variance between the endorsement and the declaration, as will authorize the court to reject the latter.

ERROR to the Circuit Court of Perry.

THIS was an action of debt instituted by Wiley against the

Smith et al. v. Wiley.

plaintiffs in error. The endorsement on the writ states that the action was founded on a bond executed by the defendants to the plaintiff, for the sum of $40,000, conditioned, that if the said Joseph W. Smith as guardian of John S. Smith, had received of the plaintiff, as administrator of Robert Smith, deceased, more than the distributive share of said John S. Smith, then they would refund the overplus; and that the object of the suit was to recover an overplus so paid. The suit was brought in the name of Wiley individually, and the declaration pursued the writ.

I. W. GARROTT, for plaintiffs in error:

1. A refunding bond is a bond given by a distributee to an administrator of an estate, conditioned to pay back to such administrator his portion of any debt or demand that may afterwards come against such estate. It is given for money belonging to the estate, and not to the administrator, which the administrator pays over to the distributee, and takes his bond that it shall be paid back on the happening of the contingency provided against by the bond. The bond consequently, is the property of the estate, and not of the administrator. If the administrator dies, resigns, or is removed, then the refunding bond goes to his successor; and after the estate is finally settled, the bond still remains good for the protection of the distributees or legatees severally, in the event that a creditor should succeed in making good a claim against them as such distributees or legatees after a final settlement. It is, therefore, contended that a refunding bond is an asset of the estate of Robert Smith, and that Wiley could not maintain an action on it in his own name. If he can sue upon it in his own name, then he can convert it to his own use.—Dunham v. Grant, 12 Ala. 105; Barron v. Vandvert, 13 Ala. 232.

2. When one is summoned as a garnishee in his individual capacity, and answers indebtedness as executor, no judgment can be rendered against him.—Ex'r. of Tillinghast v. Johnson, 5 Ala. 514. The executor could not consequently sue for, and recover in his individual capacity, on such cause of action.

JOHN, for defendant:

1. There is no variance between the cause of action and the first declaration filed. The amended declaration embodies lit-

erally the cause of action as endorsed on the writ, and consequently there could be no variance; therefore, the non-suit was erroneous.—Wharton v. Franks, 9 Por. 232 ; Sexton v. Roane, 7 Ala. 829; Exparte Ryan, 9 Ala. 89; Tenison v. Martin, 13 Ala. 21 ; The State Bank v. Johnson and Jeffries, 9 Ala. 367 ; 1 Chitty's Pleadings, 250-251-252-253.

2. But if there had been a variance, the court should have allowed the plaintiff to amend his endorsement on the writ as proposed.—Wharton v. Franks, 9 Por. 232.

3. The facts did not authorize the court to dismiss the case. Hunt, use, &c. v. Stewart, 7 Ala. 525.

The question as to the sufficiency of the declaration cannot be presented on this record. The only question is, as to filing the declaration. But should the other questions suggested be considered, then the first count in the declaration, or first declaration counting on the penalty without assigning breaches, is good.—Governor, use, &c. v. Wiley, et al. 14 Ala. 172.

But the second declaration or count is good, if the first be not, for the breaches are assigned, and whether well assigned or not, must be tested by demurrer, and not by motion to strike from the file.

The reason assigned for striking from the file, and refusing leave to file the amended declaration, and for the refusal to allow the proposed amendment of the endorsement on the writ, was that the plaintiff could not sue in his individual capacity on a refunding bond, taken by him for money as administrator. But this position is clearly wrong, because refunding bonds are not assets, and because the plaintiff has ceased to be administrator, and therefore could not sue as administrator.—Dunham v. Grant, 12 Ala. 105.

But if this position were untenable, and it were true that the bond sued on was payable to the plaintiff as administrator, he could sue in his own name individually, and even if the money, when collected, would be assets in his hands. If there had been a final settlement, and he had been charged with the amount, he could collect the amount.—Hall v. Chenault, 13 Ala. 710.

Refunding bonds are intended for the benefit of the administrator individually, and he may sue for his own benefit, either before or after final settlement of the estate.—Clay's Dig. p. 196, § 23-24.

CHILTON, J.—The only question for our consideration is, whether there was such a want of conformity between the writ and declaration, as to justify the court in rejecting the latter. It was said in Sexton v. Roane, 7 Ala. 830, that the design of the Legislature, in requiring the cause of action to be endorsed upon the writ, was to apprise the defendant of the matter in controversy, so that he might not be taken on surprise, &c.— We think there could have been no surprise in this case. The suit by the plaintiff below was brought in his individual capacity, and the writ and declaration agree as to the character in which he sues. The cause of action as endorsed on the writ substantially agrees with that described in the count; at all events, there is not such a radical departure or variance, as under our decisions, authorized the court to reject the declaration. See Tenison v. Martin, 13 Ala. 27, and cases cited. Whether the bond declared on is not assets of the estate of Smith, is a question which cannot be presented in this way, and one which we do not now decide.

The judgment of the Circuit Court, reversing the judgment of the County Court, must be affirmed.