Van Wicklen v. Paulson.

[ORANGE GENERAL TERM, April 4, 1853. *Barculo, Brown* and *S. B. Strong,* Justices.]

---

## VAN WICKLEN vs. PAULSON.

Rent, not yet due, is not a chose in action. It is a part of the realty, and passes as such, with the estate.

Where the owner of land executes a lease thereof, for a term of years, and during the existence of the term, sells the land to another, and conveys the same by deed, the rent which has not yet accrued does not go to the grantee by assignment from the grantor, but he takes it as an incident of the estate in reversion.

The grantor is not, therefore, in respect to such rent, the " assignor of a thing in action or contract," within the meaning of section 399 of the code. Hence, if he is examined as a witness for the plaintiff, in an action brought by the grantee in the deed, against the lessee, for rent, this will not entitle the defendant to offer himself as a witness in his own behalf.

THIS was an appeal by the defendant, from a judgment entered upon the report of a referee. The action was brought to recover of the defendant $133,33, rent of certain premises in Brooklyn. The referee reported in favor of the plaintiff, for that sum. The only question in the case is stated in the opinion of the court.

*Samuel Willis,* for the appellant.

*Livingston Livingston,* for the plaintiff.

Van Wicklen v. Paulson.

*By the Court*, BROWN, J.  I shall consider whether the defendant Paulson was entitled to the benefit of his own testimony, upon the hearing before the referee.  He was the tenant of certain premises in Brooklyn, under a lease executed to him by John A. Hughes, for the term of one year from the first day of May, 1850, reserving $400 yearly rent, payable quarterly, on the 1st days of August, November, February and May; Hughes being at the time the owner of the demised premises in fee.  On the 1st of December, 1850, the plaintiff became the owner in fee, under a deed of conveyance from John A. Hughes, and the action was brought to recover a portion of the rent which had become due and payable after the execution and delivery of the deed.  The defense was that in November, 1850, the lease was rescinded and the premises surrendered up to Hughes, the lessor, according to a mutual agreement between him and the lessee Paulson.  Upon the hearing the plaintiff called and examined John A. Hughes as a witness, and thereupon the defendant offered himself as a witness in his own behalf, upon the ground that Hughes was the assignor " of a thing in action or contract," within the meaning of § 399 of the code of procedure.  He was objected to as incompetent, and rejected by the referee.  The correctness of this decision is the only question upon this appeal.

The action was to recover rent reserved in the lease, which was not due and payable, and of which a small part only had accrued, when the conveyance was consummated.  The plaintiff took the estate, and his right to the rent, from Hughes; but did he take either as the assignee of a contract, or of a chose in action?  Is the rent a chose in action, or does he become entitled to it under a contract assigned to him, or as an incident of the grant of the reversion of the estate out of which it issues?  Rent is an incorporeal hereditament, that is, a right issuing out of a thing corporate.  It is not the thing corporate itself, but something collateral thereto.  (*Co. Lit.* 19, 20.  2 *Black. Com.* 20.)  " Rent, or render, reditus, signifies a compensation, or return; it being in the nature of an acknowledgment or recompense given for the possession of some corporeal inheritance.  It must be a certain profit issuing out of lands and tenements cor-

poreal ; that is, from some inheritance whereunto the owner or grantee of the rent might (anciently) have recourse to distrain." (*Id.* 41.) Unless specially reserved, rent follows the estate in reversion. It is an incident to the reversion, though not inseparably so. The rent may be granted away, reserving the reversion, and the reversion may be granted away, reserving the rent by special words. But by a general grant of the reversion the rent will pass with it as incident thereto : though by grant of the rent, generally, the reversion will not pass. The incident passes with the grant of the principal but not *e converso,* for the maxim of the law is *accessorium non ducit sed sequitur suum principale.* (*Co. Litt.* 142, 143, 151, 152. *2 Bl. Com.* 176. *Demarest* v. *Willard,* 8 *Cowen,* 206.) The lease determines the duration of the term granted, the amount and the kind of rent reserved, and when and where it is payable, but it is not the body or thing out of which the rent issues ; for that is lands and tenements corporeal. If there be an eviction by the landlord himself or by a title paramount, the rent ceases. Nor can the rent reserved upon a demise for years or a greater term of time which has not accrued, and is not due and payable, be regarded as a chose in action. The term is applied exclusively to property in chattels personal, of which there are choses in possession and choses in action ; the latter being those of which a man has only the bare right without any occupation or enjoyment. (2 *Black. Com.* 389.) This commentator asserts, at page 397 of the same volume, that "all property in action depends entirely upon contracts either express or implied, which are the only regular means of acquiring a chose in action." In *Gillet* v. *Fairchild,* (4 *Denio,* 82,) Chief Justice Bronson thinks this definition too narrow, and says the term "includes all rights to personal property not in possession, which may be enforced by action. And it makes no difference whether the owner has been deprived of his property by the tortious act of another, or by his breach of a contract, express or implied. In both cases the debt or damages of the owner is a thing in action." (*See also* 2 *Kent,* 351.) At the time the inchoate or imperfect right to the rent passed to the plaintiff under the deed, there had been

Van Wicklen v. Paulson.

no tortious act or breach of contract, and the tenant's obligation to pay the rent at a future day depended upon his being allowed to take the profits of the estate by occupation and enjoyment. The rent therefore, which was to accrue, does not fall within any of the definitions of a chose in action. Besides, it was a part of the realty, and passed as such, with the estate. The plaintiff did not take the subject matter of the action by assignment from John A. Hughes; but he took it as an incident of the estate in reversion, by force of the legal principle to which I have referred, and therefore the witness did not stand in relation to the subject of the suit as the assignor of a thing in action or contract.

The right of the plaintiff to maintain the action in his own name does not depend upon the code, but upon rules of proceeding which existed long before that system took effect. (1 *R. S.* 739, § 146. *Id.* 747, § 23.) The provisions of the code did however subvert two rules of the common law—that which put it out of the power of the assignee of a chose in action not negotiable to maintain an action in his own name, and that which forbade a witness interested in the event of the action, to give evidence on the trial. To the introduction of these innovations are we indebted for sec. 399. The suppression of one evil created another more formidable still. A simple deed of assignment substituted another person as plaintiff, and the assignor still having an interest in the subject assigned, became a witness and gave evidence in respect to transactions and events of which no one had any knowledge but himself and the defendant. To place the real parties to the controversy upon a level, and enable them both to speak, sec. 399 was adopted as an amendment, and has probably neutralized the mischievous consequences which followed the change referred to. Until time and experience shall introduce a more just and comprehensive spirit into the new system, the operation of sec. 399 should not be enlarged by judicial construction.

The decision of the referee in rejecting the testimony of the defendant was correct, and the judgment should be affirmed.

[ORANGE GENERAL TERM, April 4, 1853. *Barculo, Brown* and *S. B. Strong,* Justices.]