## RABBY & CO. *vs.* O'GRADY.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Liability as partner on note executed in partnership name.*—In an action against several persons, as partners, on a promissory note executed by the partnership, if one of the defendants pleads *non est factum*, it is incumbent on the plaintiff to prove that such defendant himself executed the note, or that he was a member of the firm when it was executed, or that he had been a member of the firm, and that the plaintiff, having had previous dealings with it, had not been notified of his withdrawal at the time when the note was given.

2. *Competency of defendant as witness for co-defendant.*—Under section 2288 of the Code, a defendant against whom there is no evidence is a competent witness for a co-defendant.

3. *Admissibility of partnership accounts against third persons as affecting liability of person as partner.*—In an action against several persons, as partners, on a promissory note executed in the name of the partnership, accounts contracted by third persons with the partnership, under its different firm names, are not, *prima facie*, competent evidence against one of the defendants, who pleads *non est factum* and the general issue.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by Dominick O'Grady, against Zephaniah Rabby, Jacob Rabby, Edward A. Lewis, William Morgan, and George J. McCluskey, described in the complaint as being "formerly partners, using the name of Z. Rabby & Co. ;" and was founded on a promissory note for $340 40, executed in the name of Z. Rabby & Co., dated November 26th, 1855, and payable thirty-four days after date, to the plaintiff's order, at the Bank of Mobile. The action was discontinued as to William Morgan, on whom process was not served. No defense was

made by Zepheniah and Jacob Rabby; but the other two defendants, Lewis and McCluskey, separately pleaded the general issue and *non est factum*, each denying that he was or had been a partner in the firm of Z. Rabby & Co.

"On the trial," as the bill of exceptions states, "the plaintiff offered in evidence the note of Z. Rabby & Co., and proved, that said firm had a little country-store, about four miles from the city of Mobile, and traded with people from the country coming to and from the city; that a firm by the name of E. A. Lewis & Co., composed of E. A. Lewis, Geo. J. McCluskey, William Morgan, and Z. Rabby, went into business on the 17th January, 1854; that McCluskey sold out his interest therein to Jacob Rabby, a brother of Zephaniah, on the 30th May, 1854; that Lewis sold out his interest to Z. and J. Rabby, but at what time was not clearly shown, the evidence on the point being conflicting; that the firm of Z. Rabby & Co. succeeded that of E. A. Lewis & Co.; that Z. Rabby sold sold out his interest to Henry Rabby in September, 1855; and that no publication appeared in any newspaper, either when said firm of E. A. Lewis & Co. went into existence, or when it dissolved, or when the firm of Z. Rabby & Co. went into existence, or that of H. & J. Rabby. It was in evidence, that the account on the plaintiff's books against E. A. Lewis & Co. had not been finally settled when the concern changed to Z. Rabby & Co., although payments had been made from time to time; that the said charge on plaintiff's books was made about five months before the note sued on was given by Z. Rabby, in the name of Z. Rabby & Co.; and that neither Henry nor Pierre Rabby, who also purchased an interest, ever made any contract or settlement with McCluskey or Lewis when they purchased or had an interest. Jacob Rabby, one of the defendants, was introduced as a witness by the plaintiff, and testified, that McCluskey sold out to him on the 30th May, 1854; that he considered that Lewis had an interest in the firm of Z. Rabby & Co., and, according to his understanding, Lewis sold out to him and Z. Rabby when he made a deed for the land on which the store stood, which was on the 31st January,

1856; and that neither he nor Z. Rabby, who were in the concern of Z. Rabby & Co., ever made any settlement with said Lewis for the profits or losses of said firm. The counsel for Lewis then proposed to introduce said McCluskey as a witness, for the purpose of showing that he (McCluskey) gave notice to the plaintiff, in February, or early part of the spring, 1855, that the firm of E. A. Lewis & Co. was dissolved, and that Lewis was not a member of the firm of Z. Rabby & Co.; which was refused by the court, and said Lewis excepted.

"The counsel of Lewis and McCluskey proposed to introduce the accounts made out by E. A. Lewis & Co., Z. Rabby & Co., and subsequently H. & J. M. Rabby, against the said Lewis and several other persons in the immediate neighborhood of the store, for articles purchased at the store, as made out and receipted by the said Z. and J. Rabby, and to ask the witness Jacob Rabby about them while he was on the stand; but the court refused to allow them to go before the jury, and said Lewis and McCluskey excepted to its decision."

These two rulings of the court, with other matters, are now assigned as error.

Conway, for the appellant.

Hall, contra.

Walker, J.—Section 2238 of the Code says, that a defendant, against whom there is no testimony, is a competent witness for a co-defendant. This was a suit on a note executed by Z. Rabby & Co. The defendant McCluskey, who was offered as a witness for a co-defendant, pleaded non est factum. In order to render him liable upon the note, he must have executed the note, or been one of the members of the firm when it was given; or he must have been previously a member of the firm which executed it, and it must have been given without notice of the cessation of his membership, to one who had had dealings with the partnership during his membership. Story on Part. 247, § 160. After the plea of non est factum, it was incumbent upon the plaintiff to show one or

the other of the facts requisite to prove the liability. There was not the slightest evidence conducing to show, either that McCluskey executed the note, or that he was a member of the firm of Z. Rabby & Co., in the name of which the note was given, at the date of the note, or that he ever had been a member of it. There was, therefore, in this suit upon the note, no evidence against McCluskey, who was offered as a witnesss, and the court erred in refusing to permit him to testify.

[3.] The defendant offered in evidence sundry accounts of the different partnerships, in the different names, against persons other than the plaintiff. We do not perceive how those accounts could contribute to illustrate any question involved in the case, and the defendant does not appear to have made their pertinency apparent to the court below. They were not, *prima facie*, admissible; and if they could be made competent by the aid of other testimony, it was incumbent upon the defendant to have offered them in connection with such evidence.

The judgment of the court below is reversed, and the cause remanded.