## HURTER & HILL vs. BUFORD.

[TROVER FOR CONVERSION OF BRICKS.]

1. *Examination of defendant as witness for co-defendant.*—A defendant,
against whom there is no evidence after the plaintiff has closed, may
be examined as a witness for his co-defendant (Code, § 2288); but the
testimony of such defendant is not to be considered by the jury, either
for or against himself.—

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellants, suing as late
partners, against Thomas Buford and P. A. Savage, to re-
cover damages for the alleged conversion by the defendants
of two hundred and fifty thousand bricks. The defendants
pleaded not guilty, with leave to give any special matter in
evidence. On the trial, as the bill of exceptions shows,
the plaintiffs read in evidence a mortgage, executed to them
by one S. G. Deas, dated the 3d September, 1858, by which
the bricks, then in a kiln unburnt, were conveyed to them
to secure the payment of a promissory note, which was
also read in evidence; and they then proved, that the bricks
were sold at auction, under a power of sale contained in
the mortgage, on the 4th April, 1859, and were knocked
down to them as the highest bidders. "They introduced,
also, evidence of a demand of said bricks, made on their
behalf, of the defendant Buford, after said sale, and before
the commencement of this suit; that said demand was
made at Buford's office in the city of Mobile ; that Buford

replied, he was in the possession of the bricks as agent for Savage, his co-defendant; who claimed them by purchase, and he would not give them up, but referred the witness to said Savage, who was then about to leave the city; and that the witness tried to find Savage, but could not." The plaintiffs also proved the value of the bricks. "Up to this time, there was no proof of Buford's agency for Savage, nor of any possession of the bricks by Buford or Savage, nor of any refusal by Savage to permit the bricks to be hauled away, other than was contained in said declarations of Buford. Plaintiffs having then announced that they were through with their testimony, the defendant Buford offered to introduce his co-defendant as a witness, on the ground that there was no evidence against him; to which plaintiffs objected, on the ground that he was incompetent; but the court overruled their objection, and allowed said Savage to be examined, and the plaintiffs excepted."

Savage testified, in substance, that he had purchased the land on which the brick-kiln was situated, and, being compelled to leave the city before the purchase was completed, had appointed Buford his agent, to conclude the purchase for him, take care of the property during his absence, &c.; and that afterwards, "when informed by Buford of his refusal to deliver the bricks on plaintiffs' demand, he approved Buford's acts, and said that, if the demand had been made of him, he would have done the same thing." The court charged the jury, at the request of the defendant Savage, " that his testimony could have no effect as to himself, either for or against him, but must be restricted to the defendant Buford;" to which charge the plaintiff excepted.

The admission of Savage as a witness for his co-defendant, and the charge of the court, are now assigned as error.

K. B. SEWALL, for appellant.

STONE, J.—We do not think the circuit court erred in permitting the defendant Savage to testify in favor of his co-defendant, Buford. The plaintiffs had closed their evi-

dence, and, so far as we are informed by the record, there was no testimony against Mr. Savage. The case is directly within the letter of the statute.—Code, § 2288 ; *Rabby v. O'Grady*, 33 Ala. 255.

The charge excepted to presents a graver question. We do not think that the statute, allowing "a defendant, against whom there is no testimony, to be a witness for his co-defendant," contemplates that such defendant shall be, either actually or constructively, discharged from the suit, before he is allowed to testify. The statute contains no such provision, and we do not feel at liberty to interpolate it. On the contrary, both that and the next succeeding section furnish evidence on their face that, in certain cases, and for certain purposes, parties to the record are made competent witnesses. But cases may frequently arise, such as the present one, where a defendant, testifying for his co-defendant, is necessarily compelled to give evidence which may make against himself. This may grow out of the very nature of the transaction, about which the witness testifies. He cannot decline to testify on that account; for the statute gives his co-defendant a right to his testimony, if, by a failure of proof against him, he be brought within its provisions.

We concede, that difficulties present themselves in the construction of this section of the Code; and strong objections may be urged against any rule we may adopt. We hold, however, that testimony given by a co-defendant, under section 2288 of the Code, is not to be considered by the jury, either for or against the party testifying, for the following reasons: In the first place, the statute limits the admissibility of the evidence to the issue between the plaintiff and the co-defendant, by whom the witness is placed upon the stand, and does not constitute him a general witness in the cause. Moreover, all will readily concede, that a witness, introduced under this section of the Code, does not thereby become a witness for himself. If we hold that any admission, to be gathered from his testimony, may be used by the plaintiff against him, this would

lead to the most shocking injustice, unless we allowed such witness to depose to any explanatory or rebutting fact or circumstance within his knowledge. Such explanatory or rebutting evidence would lead to embarrassing and perplexing cross-examination, and re-examination, and, in fact, to all the mischiefs which grow out of the examination of parties as witnesses in their own causes.

The judgment of the circuit court is affirmed.