Sharman v. Jackson.

## SHARMAN *vs.* JACKSON.

[ACTION COMMENCED BY ORIGINAL ATTACHMENT.]

1. *Variance between writ and declaration, or complaint; how taken advantage of, and when immaterial.*—A departure in the declaration (or complaint) from the writ (or summons) by which the action is commenced, or a variance between the two, can not be taken advantage of by demurrer : a motion to strike the declaration (or complaint) from the files is the proper remedy in such case ; and the motion should never be granted, unless there is a material variance, amounting to a radical departure : a mere variance in the amount of the debt claimed is immaterial.

2. *Statute of frauds, as to promise to answer for debt, &c. of another.* Where an administrator has advanced money and necessaries to an infant distributee, and claims an allowance for the same, as against her distributive share, on final settlement of his accounts ; a promise by her guardian, present and representing her on the settlement, that if the administrator " would withdraw said claim, and not insist on the allowance of a credit for the same," he would pay it when certain lands belonging to the infant were sold, or when the purchase-money for them was collected, is a promise to answer for the debt, &c. of another, (Revised Code, § 1862,) and is void if not reduced to writing.

3. *General charge on evidence when conflicting.*—In an action on a verbal promise to pay a sum of money on a future day, if the evidence is conflicting as to the day fixed for the payment (*i. e.*, whether it was to

22

be paid on the happening of an event which occurred *before*, or of another event which happened *after* the commencement of the suit,) a charge which authorizes the jury to find a verdict for the plaintiff, without reference to the decision of this question of fact, is erroneous.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Harriet Jackson, against Thomas S. Sharman; and was commenced by original attachment, sued out on the 5th day of December, 1859, on the ground that the defendant was a non-resident, and was indebted to the plaintiff in the sum of two hundred and twenty-two dollars. A complaint was filed in. the cause at the Fall term, 1866, in these words : " The plaintiff claims of the defendant three hundred dollars, due by account on the 1st day of January, 1859; also, two hundred and twenty-two dollars due by defendant for money loaned by plaintiff to defendant on the 1st day of January, 1858; also, three hundred dollars due on an account stated between plaintiff and defendant on the 1st day of January, 1858; also, three hundred dollars, for goods, wares, and merchandise sold by plaintiff to defendant on the 1st day of January, 1859; which several sums of money, with the interest thereon, are still due and unpaid." The defendant craved oyer of the writ of attachment, and demurred to the complaint, and to each count separately, on the ground that there was departure, or fatal variance, in the description of the cause of action stated. The court overruled the demurrer, and the defendant then pleaded the general issue, and the statute of frauds; on which pleas issues were joined, and a trial had.

" On the trial," as the bill of exceptions states, " the plaintiff introduced proof conducing to show, that the defendant was the guardian of one Jane Ward, by appointment from a court in Georgia (having jurisdiction), where said defendant resided; that said defendant's ward, while still a minor, married a minor, and moved into the county of Macon, Alabama; that one W. S. Jackson (plaintiff's *witness?*) became guardian of said minor while in Macon

county, by appointment of the probate court of said
county, and was such guardian at the time of the alleged
promises by the defendant hereinafter mentioned; that
while the said Jane Ward and her husband were thus re-
siding in Alabama, and while said W. S. Jackson was thus
acting as her guardian, the plaintiff, who was the adminis-
tratrix of William Jackson, of said county of Macon, de-
ceased, (in whose estate said Jane Ward was entitled to a
distributive share,) made certain payments for her, part of
which were for necessaries, and which amounted, in the
aggregate, to the sum of two hundred and twenty-two dol-
lars; that the said plaintiff, on the final settlement of said
estate, asked a credit for such advancements, as against
said Jane Ward; to which the defendant objected, he be-
ing her father-in-law and guardian, and representing her
personally on said settlement; that the said plaintiff then
asked to continue the settlement, for further proof; that
the defendant mentioned, during the controversy which
then arose, that his said ward had some lands in Macon
county, which would be for sale, as she had moved back to
Georgia, and that if the plaintiff would not insist upon a
continuance, and would withdraw said claim, and not in-
sist on a credit for the same, that then, when said lands
were sold, (as understood by one witness,) or when the
purchase-money for the lands was collected, (as understood
by another,) he would pay plaintiff the amount of said
claim; to which plaintiff agreed. The proof further
showed, that the above promise was made in 1859; that
said Jackson afterwards resigned, and another person was
appointed guardian in his stead; that said lands were sold
in November, 1859, on a credit 'until December 25, 1860;
that in January, 1864, about $2,000 in Confederate treas-
ury-notes was collected, and paid over to said defendant;
that a bill was filed, before said payment was made, to sub-
ject said lands to the payment of the purchase-money;
that a decree of sale was made after the payment of said
sum of money, and the lands were sold under said decree,
in September last, to pay the balance of the purchase-

money, (about $650,) and were bought at the sale by the defendant, who was now the owner of the same."

"The foregoing being all the evidence in the case, the court thereupon charged the jury, that if they believed, from the evidence, that the defendant promised, under the circumstances, that he would pay the debt mentioned, and that the plaintiff, in consideration of such promise, ceased to press the voucher for allowance, then the consideration was sufficient to support the promise, and they would find for the plaintiff; to which charge the defendant excepted."

The overruling of the demurrer, the charge given by the court, and the refusal of several charges asked by the defendant, (which require no particular notice,) are the matters now assigned as error.

WATTS & TROY, with GEORGE W. GUNN, for appellant. 1. The promise proved, taking the view of the evidence most favorable to the plaintiff below, did not authorize a recovery under any one of the common counts in the complaint.—4 Porter, 502; 10 Ala. 332.

2. The defendant's promise, under any view of the evidence, was within the statute of frauds; and, being verbal, was void on that account.—*Rigby v. Norwood,* 34 Ala. 129; *Martin v. Black,* 20 Ala. 309; *S. C.,* 21 ib. 721; *Brown v. Barnes,* 6 Ala. 694; *Click v. McAfee,* 7 Porter; *Williams v. Sims,* 22 Ala. 512.

3. The evidence was conflicting, as to the time when the money sued for should be paid. If it was not to be paid until the purchase-money for the lands was collected, the action was prematurely brought.—*Rainey v. Long,* 9 Ala. Rep. 754.

4. No matter when the money was to be paid, as the evidence was conflicting on that point, the charge of the court was erroneous.—Shep. Digest, pp. 459–60, cases cited in sections 13 and 30.

CLOPTON & LIGON, *contra.*—1. The variance between the attachment and the complaint, was immaterial. More-

over, a demurrer does not lie for such a defect.—*Roberts v. Burke*, 6 Ala. 348.

2. The defendant's promise, according to the proof, was an original, and not a collateral undertaking.—*Scott v. Myatt & Moore*, 24 Ala. 489; *Bates v. Starr*, 6 Ala. 697; *Oliver v. Hine*, 14 Ala. 590; *Blount v. Hawkins*, 19 Ala. Rep. 100.

3. The charge of the court does not invade the province of the jury, and is not based on an assumption of the facts. It is based on the hypothesis, "If the jury believe from the evidence," leaving to them the ascertainment of the facts. "Under the circumstances," as the words are used in the charge, means, whether the money was to be paid when the land was sold, or when the purchase-money was collected, that being the only point on which there was any conflict in the evidence. The plaintiff was entitled to recover in either contingency; for the land was sold before the attachment was sued out, and the money was collected before the trial. In the first case, it was an attachment sued out to recover a debt already due; in the other, to recover a debt not due, but which matured before the trial. The charge given, therefore, was not an invasion of the province of the jury, nor otherwise erroneous.—*Henderson v. Mabry*, 13 Ala. 713; *Williams v. Shackelford*, 16 Ala. 318; *Carlisle v. Hill*, 16 Ala. 398.

PECK, C. J.—The demurrer to the complaint was properly overruled. We know of no authority permitting a demurrer for an alleged departure in the complaint from the writ of attachment. The usual remedy, in such a case, is to move the court to strike the complaint from the files; but such a motion should not be sustained unless there is a total variance—a radical departure.—*Otis v. Thorn*, 18 Ala. 395; *Chapman v. Spence*, 22 Ala. 588; *Smith v. Wiley*, 19 Ala. 216; *Morrison v. Taylor*, 21 Ala. 797. The alleged departure, in this case, consists of an unimportant variance between the amount of the debt, as stated in the writ of attachment, and that stated in the complaint.

2. The statute of frauds declares every special promise

to answer for the debt, default, or miscarriage of another person, void, unless such promise, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing.—Revised Code, § 1862. Let it be admitted, that the money alleged to have been advanced to Mrs. Ward by the appellee, plaintiff below, as the administratrix of W. Jackson, created a debt that Mrs. Ward was legally bound to pay, or that might have been charged to her on the final settlement of said W. Jackson's estate; (which, however, on the evidence, we think by no means clear;) then, the promise of the appellant, to say the most of it, was a promise to pay that debt, a mere special promise to answer for the debt of another person; and as it was not in writing, is declared void by the section of the Revised Code above referred to. The charge given by the court is clearly erroneous. The statute of frauds was pleaded; and to sustain that charge, on the evidence in this case, will be utterly to disregard the plain language of the statute, and to permit a recovery on a promise to pay the debt of a third person, even without any evidence that the promise was in writing.

3. The said charge is erroneous for another reason. The evidence set out in the bill of exceptions left it altogether uncertain whether the alleged promise of the appellant, to pay the money said to have been advanced to Mrs. Ward by the appellee, was to be fulfilled by appellant when the lands referred to were sold, or when the purchase-money should be collected. One witness understood the promise to be, that appellant would pay the money when the said lands were sold; and the other witness understood that said payment was to be made when the purchase-money was collected. If the latter witness was correct in this, then the suit was commenced before the cause of action occurred, as it appeared by the evidence that the purchase-money for said lands was not collected, or any part of it, until some years after the suit was commenced. Considering this uncertainty, (if the statute of

frauds had not been in the way,) the court should have left it to the jury to determine, whether the promise was to pay when the lands were sold, or when the purchase-money was collected, and instructed the jury to find for the plaintiff or defendant, as they might determine this uncertain question of fact.

This objection is not avoided by the fact, that the suit was commenced by attachment; true, an attachment may be sued out on a debt not due, but the attachment in this case itself shows it was issued on a debt then past due.

The judgment is reversed, at the appellee's cost, and the cause is remanded for further proceedings, &c.