# Stoddard & Co. *v.* Davis & Co.

*Action on Promissory Note, by Payee against Makers.*

1. *Variance between summons and complaint.* — A variance between the summons and complaint, when an available defect, is proper matter for a plea in abatement to the summons only, and not for a motion to strike the complaint from the files.

2. *Motion to strike complaint from files.* — A motion to strike the complaint from the files, when well grounded, must be made within the time allowed for filing pleas in abatement.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. L. B. STRANGE.

This action was brought by the appellants, suing as partners; was founded on a promissory note for $217.73, dated September

[Stoddard *v.* Davis.]

6, 1860, and payable six months after date; and was commenced on February 4, 1870. The complaint described the defendants as " William C. Davis and Thomas L. Scott, late merchants and partners, trading under and using the name and style of W. C. Davis & Co.; " while in the marginal statement of the parties' names they were designated as " W. C. Davis & Co.," and in the summons their individual names only were stated, without the addition of any other descriptive words. A general appearance was entered for the defendants at the September term, 1870. At the September term, 1872, as appears from the bill of exceptions, the defendants moved the court to strike the complaint from the files, " on the ground that it was a departure in pleading from the summons." The court sustained the motion, and the plaintiffs were thereby compelled to take a nonsuit, with a bill of exceptions. This ruling of the court below is the only matter assigned as error.

E. G. RICHARDS, for appellants.

W. H. BARNES, *contra.*

BRICKELL, J.— Under the statutes of this State, judgments, bonds, covenants, or promises in writing of any description whatever binding a partnership, are several as well as joint; and an action on them may be prosecuted against the partnership, by its common or firm name, or against any one or more of the partners. Rev. Code, §§ 2538–39. In this case, the complaint is against the defendants individually, describing them as " late partners; " and it discloses that it is founded on a promissory note made by the partnership. The summons issues against the partners in their individual names, not describing them as late partners. The omission so to describe them is not such a variance, or departure from the complaint, as would have authorized the rejection of a declaration prior to the Code. Then, a declaration would not be stricken from the files, unless there was in it a total departure, or a radical variance from the writ; such as a change of the form or cause of action, or a change of parties. *Taylor* v. *Morrison*, 21 Ala. 728; *Smith* v. *Wiley*, 19 Ala. 216; *Sexton* v. *Rone*, 7 Ala. 829. Under the Code, a motion to strike the complaint from the files, because of a variance between it and the summons, should not be entertained. If such a variance is an available defect, the defect is not in the complaint, which must always precede the summons; but it is in the summons, and is, therefore, proper matter for a plea in abatement to the summons only.

2. The motion was entirely too late, if it had been well grounded. The defendants had appeared to the action, with-

out objection, and two years thereafter interposed the motion. Such objections must be made within the time allowed for filing pleas in abatement. If not made within that time, all defects they can reach must be regarded as waived.

The judgment of nonsuit is set aside, and the cause remanded.