85  137
97  528

85  137
132  384

# Perkerson *v.* Snodgrass.

*Attachment for Rent, by Landlord against Tenant's Crop.*

1. *Filing complaint.*—The statute which requires the complaint, in attachment cases, to be filed within the first three days of the return term (Code, 1886, § 2995), is directory merely; and the attachment will not be dissolved on motion, because it was not filed within that period.

2. *Variance between affidavit and complaint.*—Where the affidavit claims an indebtedness of $250, for the rent of land, due November 1st, 1885, and the complaint claims the same amount, as due by bond executed by defendant, payable on said November 1st, there is no material variance.

3. *Rent as between mortgagor and purchaser at sale under mortgage.* If the mortgagor, being in possession at the time the land is sold under the mortgage, attorns to the purchaser, promising to pay rent, his exercise of the statutory right of redemption, after the rent has become due and payable, does not discharge him from its payment; nor is he discharged from its payment because, after he had redeemed the land, he voluntarily paid rent for the year to a prior mortgagee who had not foreclosed.

[Perkerson v. Snodgrass.]

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Nat. K. Snodgrass, against James E. Perkerson, and was commenced by attachment, sued out on the 9th November, 1885. The various defenses set up, and the rulings of the lower court thereon, appear in the opinion.

W. L. MARTIN, for appellant, cited Code, 1886, § 2995; Wade on Attachments, § 209; *Wright v. Snedecor*, 46 Ala. 92; *Posey v. Pressley*, 60 Ala. 251; *Otis v. McMillan*, 70 Ala. 46; *Morris v. Beebe*, 54 Ala. 300; *Welsh v. Phillips*, 54 Ala. 309; *Thornton v. Strauss*, 79 Ala. 164; *Marx v. Marx*, 51 Ala. 222; *Farris & McCurdy v. Houston*, 74 Ala. 162.

J. E. BROWN, *contra*.

CLOPTON, J.—The defendant moved to dissolve the attachment, on the ground that the complaint was not filed within the time prescribed by the statute, which provides: "The plaintiff must, within the first three days of the return term of the attachment, file his complaint, and the cause stands for trial at such return term, if the levy is made, and notice thereof is given, twenty days before the commencement of such term."—Code of 1886, § 2995. The writ of attachment was sued out November 9, 1885, returnable to the succeeding term of the Circuit Court, and the complaint was filed August 17, 1887. In construing the statute, we should consider the construction which has been placed upon similar statutes relating to the same subject-matter, before its adoption. In *Sally v. Gooden*, 5 Ala. 78, speaking in reference to the statute of 1839—"to abolish attorney's fees in certain cases"—it is said: "The language of the second section, which declares the defendant's right to make defense forfeited when he has omitted to plead to the merits within the first week of the appearance term, is express, and, if literally interpreted, is decisive of the case at bar. But the subject-matter of the statute, the pre-existing laws, and rules of court regulating the practice in this respect, all seem to us to require such a construction to be given to the act as will not divest the court of all discretion as to the time of pleading." A rule of practice, which declared that "no plea in abatement shall be received, if objected to, unless, by the indorsement of the clerk, it appears to have been filed within

[Perkerson v. Snodgrass.]

the time allowed for pleading," was construed not to be so imperative as to require a literal compliance with its terms, and that the court may, for good cause, permit a plea of abatement to be filed, although the first term may have passed.—*Cobb v. Miller*, 9 Ala. 499; *Massey v. Steele*, 11 Ala. 340. Also, the statute which provides that a plea to an indictment, on the ground that the grand jurors were not drawn in the presence of the officers designated by law, must be filed at the term at which the indictment is found, was held not to prohibit, peremptorily and absolutely, the filing of the plea at a subsequent term.—*Russell v. State*, 33 Ala. 366; *Harrington v. State*, 83 Ala. 9. Statutes, in respect to the time in which pleas shall be filed, have been uniformly construed as directory. We must presume that it was intended that the same construction should be placed on the section of the Code in regard to the time the complaint must be filed in a suit commenced by attachment.

The defendant pleaded in abatement a variance between the affidavit for the attachment and the complaint, which variance is alleged in the plea as follows: "Said affidavit alleges that the defendant is indebted to the plaintiff in the sum of two hundred and fifty dollars, for the rent of land due November 1, 1885, for which the attachment was sued out against the crop of defendant, and levied upon the same; and said complaint claims the sum of two hundred and fifty dollars, due by bond executed by defendant, payable to plaintiff on 1st day of November, 1885." The plea does not aver that the bond is a different contract from that set forth in the complaint. The affidavit and complaint set forth a cause of action corresponding in amount, and in the time when payable. From the affidavit and complaint, alone, there does not appear to be such variance as would authorize the court to quash the attachment.—*Morrison v. Taylor*, 21 Ala. 778; *Smith v. Wiley*, 19 Ala. 216. It is not essential to allege in the complaint, in terms, that the cause of action set forth therein is identical with the cause of action mentioned in the affidavit, but a departure should not appear by a comparison of the affidavit and complaint.

The defendant set up in bar of the action, that about March 2, 1885, the land rented was sold under a power contained in a deed of trust executed by him to E. H. Caldwell, at which sale the plaintiff was the purchaser, and received a conveyance from the trustee; that after the sale the defendant, in order to preserve the statutory right of redemp-

[Perkerson v. Snodgrass.]

tion, rented the premises from the plaintiff, and gave the bond sued on for the rent; and that on November 3, 1885, defendant redeemed the land, and plaintiff executed to him a conveyance. The sale under the deed of trust effectually cut off the equity of redemption, and the purchaser became entitled to the possession and the rents, until the land was redeemed. The only interest which remained in the mortgagor, was the naked statutory right of redemption. By the contract of rent, the relation of landlord and tenant was created between plaintiff and defendant, with all its rights, incidents and burdens. By the exercise of the right of redemption, the defendant was re-invested with the title, was restored to the right and possession he had at the time of the sale, and came into the estate as if there had been no mortgage nor sale. The lease was merged in the reversion, and the relation of landlord and tenant was terminated. As a general proposition, the lessor's transfer of the reversion carries with it the rent, which is a part of the estate, unless reserved or severed. The rule, definitely and properly stated, is, that whoever owns the reversion at the time the rent becomes due, is entitled to the entire sum then due. *English v. Key*, 39 Ala. 113. The rent, which follows the reversion as an incident, is the rent which falls due subsequent to the transfer. In the present case, the rent was past due when the land was redeemed by the defendant. If the lessor dies before rent is payable, it descends to his heirs, who are the reversioners; but, if he dies after it is due, it goes to his personal representative, as part of his personal estate. It seems to have been long and well settled, that a general grant of the reversion does not pass the rent past due. Such rent is a debt due to the lessor, and a part of his personalty.—*Burden v. Thayer*, 3 Met. 76; *Bank of Penn. v. Wise*, 3 Watts, 394; *Van Wicken v. Paulsen*, 14 Barb. 654. There is nothing peculiar in the nature of the statutory right of redemption, or in the relation of the parties, which modifies or changes this rule of law. The rent was not extinguished by the redemption of the land after it was past due.

The defendant sets up the further defense, that prior to the mortgage under which the land was sold and purchased by plaintiff, he had executed to W. F. Hurt a mortgage on the same land, to secure a debt payable January 3, 1882; and that on November 23, 1885, the mortgage debt being unpaid, the executor of the mortgagee, who had died in the

[Perkerson v. Snodgrass.]

meantime, collected from him the sum of two hundred and fifty dollars, as the value of the rent of the land for the year 1885; which he collected by virtue of his right to the possession, a right superior and paramount to the right of the plaintiff to the rent. Unquestionably, after the law-day of the mortgage, and condition broken, the mortgagee is entitled to possession and the rents, but he is required to be active in making his claim. When there is no specific lien on the rents, he can not claim them as an incident to the mortgage, but takes them in consequence of his entry and possession, actual or constructive.—*Scott v. Ware*, 65 Ala. 174. He may claim them without suit, from a tenant of the mortgagor, by giving notice, and requiring the rent to be paid to him. But, if the mortgagor is suffered to remain in possession, he is regarded as the owner of the estate, except against the mortgagee and those claiming under him, and is entitled to the rents and profits until intercepted by the mortgage, and may make a valid and effectual attornment to a purchaser under a junior mortgage.—*Knox v. Easton*, 38 Ala. 245. A mortgagor, himself in possession, is not liable for rents, unless the mortgagee enters, or brings his action to recover possession, or has a receiver appointed on a bill to foreclose. The mortgagee can not make the mortgagor account for past rent, as he is in possession in his own right. As said by Chancellor Kent : "The contract between the parties is for the payment of interest, not for the payment of rent."—4 Kent, 156, 165; *Gilman v. Ill. & Miss. Tel. Co.*, 91 U. S. 603. The defendant, having redeemed the land from the plaintiff before the payment was made to the executor of the first mortgagee, was at that time in possession as mortgagor in respect to the first mortgage. The payment of the rent to the executor was voluntary. He could not have compelled its payment by suit, and as to the plaintiff it must be regarded merely as payment on the mortgage debt, and did not operate to discharge the defendant from liability to plaintiff for the past rent.

The only objection urged to the charges given is, that they are misleading. By the settled practice of this court, the giving a misleading charge is not a reversible error.

Affirmed.