# Tatum *et al.* v. Hollis.

## *Action for Recovery of Rent.*

[Decided February 13, 1902.]

1. *Rent, action to recover; defenses; redemption as affecting contract for rental between redemptioner and holder of executory contract of sale from purchaser at foreclosure sale.*—Where plaintiffs' only claim to rent was under their executory contract of purchase of land from the purchaser (or his vendee), at foreclosure sale, and the mortgagor (defendant) redeemed the land from such purchaser within the time allowed by law and prior to the time when (under the rental contract between plaintiffs and himself) the rent became due, plaintiffs' right of possession and to the rents was cut off by such redemption—the rent going with the reversion to the defendant.

2. *Same; replication; right of junior mortgagees to recover rent.* In an action to recover rent, where it is shown by a plea

[Tatum *et al.* v. Hollis.]

that plaintiffs' sole claim to rent is under an executory contract of purchase of the land from the purchaser at the foreclosure sale, made prior to the expiration of defendant's time for redemption as mortgagor of the land, and a subsequent redemption by him from the purchaser within the time allowed by law and before the maturity of his rent-contract with plaintiffs, a replication to said plea is no answer thereto, which sets up that at the time of said redemption there was due to plaintiffs a large amount on certain junior mortgages which were long past due and of which they were the owners, and under which (so far as shown by the replication) they had never intervened or claimed possession or rents.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This action was brought by the appellants, Tatum & Black, as sucessors to Harris, Black & Tatum, against the appellee, T. M. Hollis, to recover an amount alleged to be due as rent for certain lands for the year 1899. The defendant interposed a plea in bar, in which he averred that he was not indebted to the plaintiffs, and alleged in said plea the following facts: That on February 8, 1893, he executed and delivered to one Gibson a mortgage on a tract of land for which rent is claimed; that on January 3, 1898, said Gibson foreclosed said mortgage and at the foreclosure sale he became the purchaser of said land; that the defendant was in possession of the land and immediately delivered possession to Gibson and executed to him a note for the rent of said land for the year 1898; that a short time thereafter Gibson entered into a contract for the sale of said land with one John Hamil, Jr., subject to the statutory right of redemption in the defendant, and transferred and delivered the defendant's rent note for 1898 to the said Hamil; that this rent note was paid to Hamil; that on or about January 1, 1899, Harris, Black & Tatum, to whom plaintiffs are successors, became the purchasers and owners of the contract of sale of said lands from Gibson to Hamil, Jr., and assumed the obligations thereunder, which carried with it the defendant's statutory right of redemption; that thereupon the defendant made

[Tatum *et al.* v. Hollis.]

a contract for the rent of said land for the year 1899 with said Harris, Black & Tatum. This rent was payable on October 1, 1899; that on September 28, 1899, the defendant redeemed from John T. Gibson the land which had been sold under the foreclosure sale, by paying to said Gibson the purchase price paid by him, together with 10 per cent interest per annum thereon, and all lawful charges. It was then averred in said plea that by reason of said redemption the title to the land became reinvested in the defendant, and the relation of landlord and tenant was terminated between the plaintiffs and the defendant. To this plea the plaintiffs filed several replications, in which they set up that they had acquired, on March 21, 1898, two several mortgages, which were executed by the defendant on December 8, 1896, and January 16, 1897, conveying the land involved in this suit to the Farmers & Merchants Bank and Henderson & Rainer, respectively, and that at the time of the redemption averred in said plea, there was still due upon these mortgages which were owned by the plaintiffs, a large amount of money, and that, therefore, said redemption by the defendant did not extinguish or annul the rent contract. To these replications the defendant demurred upon several grounds, in which he set up that said replications were immaterial and irrelevant and constituted no answer to the defendant's plea. The court sustained the defendant's demurrers to the plaintiff's several replications, and the plaintiffs declined to plead further. Thereupon the court adjudged that the defendant's plea was a complete answer and bar to the plaintiffs' action, and judgment was rendered in favor of the defendant.

From this judgment the plaintiffs appeal, and assign as error the sustaining of the defendant's demurrers to the plaintiffs' replication.

E. R. BRANNEN, for appellant, cited *Farris v. Houston*, 74 Ala. 152; *Otis v. McMillan*, 70 Ala. 46; 3 Brick. Dig., p. 608, § 159; *Johnston v. Riddle*, 70 Ala. 225; *Falkner v. Campbell, etc.*, 74 Ala. 363; *Cowley v. Shelby*, 71 Ala. 122; *Cramer v. Watson*, 73 Ala. 127.

[Capehart. v. McGahey.]

WORTHY & GARDNER, *contra,* cited *Perkerson v. Snodgrass,* 85 Ala. 137; *State v. Conner,* 69 Ala. 212; *Tayloe v. Dugger,* 66 Ala. 444; Code, § 3507; *Lehman v. Collins,* 69 Ala. 127; *Scott v. Ware,* 65 Ala. 174.

McCLELLAN, C. J.—According to the averments of the plea the only claim that Tatum & Black ever asserted to the rent was under their executory contract of purchase of the land from Gibson, and this, of course, was subject to Hollis' right to redeem from Gibson as the purchaser and at the foreclosure sale. They had never intervened, or taken or claimed possession under their junior mortgages, nor sought save by the filing of their replications in this case to percept the rents thereunder. Their sole asserted right of possession and to the rents was cut off and ended by Hollis' redemption from Gibson. The rent here sought to be recovered accrued and matured after that time and went with the reversion to Hollis, the defendant.—*Perkerson v. Snodgrass,* 85 Ala. 137.

The replications setting up a right to the rent long after it had matured under junior mortgages were no answer to the plea, and the court properly sustained a demurrer to them.

Affirmed.