(52 Misc. Rep. 550)

BERNSTEIN v. KOCH.

(Supreme Court, Appellate Term. February 11, 1907.)

LANDLORD AND TENANT—TENANCY FROM MONTH TO MONTH—TERMINATION—NO-
    TICE.
    A monthly lease provided that each party should give the other notice
    of an intention to terminate the same. The lessor sold the premises. Sub-
    sequently, and during the same month, and without having given the re-
    quired notice on the 1st of the month to the lessor, the lessee removed from
    the premises. Held, that the lessee was liable to the purchaser for rent
    for the month next following that in which the sale was made.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Ten-
    ant, § 396.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by Louis Bernstein against Alfred J. Koch for rent. From
a judgment for defendant, plaintiff appeals. Reversed, and new trial
ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Ernst, Lowenstein & Cane (Bernard M. L. Ernst and Oscar Lowenstein, of counsel), for appellant.

Louis E. Salmon (E. H. Westerfield, of counsel), for respondent.

GILDERSLEEVE, J.  For some time previous to April 27, 1906, defendant was a monthly tenant of one Cohen, with an understanding that each would give 30 days' notice of an intention to terminate the lease.  On April 27th Cohen sold the premises to plaintiff, who took possession on April 28th, and on or before May 1st defendant moved out, without having given 30 days' notice to Cohen.  The plaintiff sued for the rent for the month of May, 1906.  The justice dismissed the complaint on the ground that Cohen was not the owner on May 1, 1906, and no necessity existed for giving plaintiff the 30 days' notice, as there existed no privity of estate nor of contract between plaintiff and defendant on May 1st.

The question here presented is this: Did the failure of defendant to give 30 days' previous notice to Cohen deprive defendant of the right to move out and terminate the lease on May 1, 1906, notwithstanding the fact that on April 27, 1906, Cohen had ceased to have any connection with the premises?  Had there been a lease for a year, say from June 1, 1905, undoubtedly defendant would have been liable to plaintiff, as successor of Cohen, for the rent for May, 1906, as that month would have been covered by such lease.  Why does not the same rule apply to a monthly lease, where one of the stipulated conditions of such lease was that defendant should give 30 days' previous notice of his intention to terminate the lease?  He could have given plaintiff such notice on May 1st, and moved out on June 1st; but we do not see how plaintiff stood on May 1st in any different position from that in which Cohen stood on April 1, 1906, when unquestionably notice would have been necessary to terminate the lease.  Unless specially reserved, rent follows the estate in reversion.  By a general grant of a reversion the rent will pass with it as incident thereto, and the rent which was to accrue was a part of the realty, and passed as such with the estate. Van Wicklen v. Paulson, 14 Barb. 654; Riley v. Sexton, 32 Hun, 248.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.